McKINLEY v. CRAWFORD et al.

No. 5405.

Court of Appeals of the District of Columbia.

Argued March 11, 1932.

Decided April 4, 1932.

Mark P. Friedlander and Harold P. Ganss, both of Washington, D. C., for appellant.

Benjamin S. Minor, H. Prescott Gatley, Arthur P. Drury, Martin J. McNamara, and

Martin F. O'Donoghue, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing, after hearing, plaintiff's bill (filed May 11, 1929), praying that premises No. 218 Indiana Avenue N.W. (lot 14, in Smith & Marr's subdivision of square south of square 572) be impressed with a trust for her benefit in the sum of $6,500, less $1,127.57.

The material facts found by the court below are substantially as follows: On May 10, 1927, plaintiff, being the owner of the premises in question, entered into a contract of sale with the defendant Francis A. Crawford through a Mr. Lewis as Crawford's agent. Under the terms of the contract, the purchase price of the property was to be $500 cash and a deferred purchase-money trust in the sum of $6,500 as a second trust secured on the property. In closing the transaction, Crawford delivered to plaintiff in a sealed envelope a note secured by a second trust on lot 34, square 2692, fraudulently representing that the note was secured on the property sold, i. e., 218 Indiana avenue, as agreed. Plaintiff signed all necessary papers, "and at the time she signed the same she noted that there was a difference between the lot and square on the said papers and did nothing to change the same." The property on which the note was secured was incumbered by a first deed of trust in excess of its value, and was shortly thereafter sold at auction under the first trust.

A day or two after signing the papers, plaintiff had actual knowledge that the second trust given to her was not on her premises at 218 Indiana avenue. Thereupon plaintiff retained counsel and authorized institution of necessary proceedings to protect her rights; but no proceedings were filed until November 21, 1927, when a bill in equity was filed to rescind the contract and cancel the deed. (What happened under that suit does not appear.) Meanwhile, on July 13, 1927, Arthur L. Murray (to whom evidently the property had been deeded) conveyed the premises by deed of trust to Samuel A. Drury and James P. Nicholson, as trustees, to secure the loan of $4,000. At the time the trustees accepted the deed, they had no notice, either actual or constructive, of any outstanding claims or equities of the plaintiff. Before the trust was executed and the loan made, the question of title was referred to the District Title Company for examination.

Thereafter, on the 27th of March, 1928, because of default in payment by Murray, the trustees sold the property at public auction to Charles F. Ruppert for $5,850. Prior to the sale Nicholson, trustee, saw plaintiff in possession of the premises. The deed, at Ruppert's direction, was made to his wife, Annie C. Ruppert. At the time of the sale, Ruppert did not have notice, either actual or constructive, of any outstanding equitable claims of the plaintiff. Plaintiff was in actual, open, visible possession of the premises from November 16, 1920, until the latter part of 1928.

The court below found that the trustees, Drury and Nicholson, by virtue of the deed of trust from Murray, took legal title to the premises, 218 Indiana avenue, as bona fide purchasers for value; that Ruppert, by purchasing from Drury and Nicholson, took the property free from equitable claims or demands of the plaintiff.

The court directed the payment to plaintiff of $1,127.57, the amount over and above expenses of the sale under the first trust on the premises in question. Counsel for plaintiff in their brief acknowledge the receipt of that amount.

A decree pro confesso was taken as to the defendants Crawford and Murray.

The question in this appeal is whether the mere possession of premises, 218 Indiana avenue, by plaintiff, after she had made a conveyance of the property, constituted constructive notice to subsequent incumbrancers and purchasers acting in good faith.

It is the general rule that actual, visible, and unequivocal possession of real estate inconsistent with the record title and under an apparent claim of ownership is notice to purchasers of whatever interest the person actually in possession has in the fee, whether such interest be legal or equitable in its nature, and of all the facts which the prospective purchaser might have learned by due inquiry. Chillemi v. Pennsylvania Rubber Co., 58 App. D. C. 394, 31 F.(2d) 638; Kirby v. Tallmadge, 160 U. S. 379, 16 S. Ct. 349, 40 L. Ed. 463.

An exception to the general rule is recognized where a vendor remains for a time in possession after giving a fee-simple deed,

with covenants, which he permits to be recorded. The object of the general rule is to protect one in possession from acts of others who do not derive their title from him; not to protect him against his own acts, and especially against his own deed. Bloomer v. Henderson, 8 Mich. 395, 77 Am. Dec. 453; Van Keuren v. Central R. Co., 38 N. J. Law, 165; Strong v. Efficiency Apt. Corp., 159 Tenn. 337, 17 S.W.(2d) 1, 19 S.W.(2d) 273; Wicklein v. Kidd, 149 Md. 412, 131 A. 780.

Another reason for this exception to the rule is the equitable maxim that, where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it. National Safe Deposit, etc., Co. v. Hibbs, 229 U. S. 391, 33 S. Ct. 818, 57 L. Ed. 1248; Pirkey v. Williams, 45 App. D. C. 590, 599; Moore v. Moore, 47 App. D. C. 23, 28; Gray v. Jacobsen, 56 App. D. C. 353, 13 F.(2d) 959, 48 A. L. R. 583.

In the present case, plaintiff, when she executed her deed to Crawford and the deed was recorded, declared to the world that she had conveyed all her interest to Crawford. When, therefore, Drury and Nicholson, as trustees, accepted the deed of trust from Murray, the record owner, to secure the loan of $4,000, the mere fact that Mrs. McKinley had remained in possession of the property did not charge the trustees with notice of her equities.

There is another ground on which the decree may be sustained. The court below has found that, within a day or so after signing the papers on May 10, 1927, plaintiff had actual knowledge of the fraud which had been practiced upon her, and yet no suit was filed until November 21st, more than six months thereafter. Meanwhile, on July 13th, the trustees, Drury and Nicholson, had accepted the deed of trust to secure the loan of $4,000 on the property. In so far as innocent third parties were involved, plaintiff was lacking in diligence. She had every reason to expect that a man who would deceive her in the manner in which Crawford did would attempt to deceive others. Therefore, for the protection of innocent third parties, it was her duty to move with the utmost expedition. Holman v. Ryon, 61 App. D. C. 10, 56 F.(2d) 307; R. Harris & Co. v. Weller, 52 App. D. C. 6, 12, 280 F. 980.

Decree affirmed, with costs.

Affirmed.