## KNOWLES v. MOSHER et al.
### No. 335.

Municipal Court of Appeals for the District of Columbia.

Feb. 11, 1946.

Rehearing Denied March 8, 1946.

Vincent L. Toomey, of Washington, D. C., for appellant.

Harry L. Ryan, Jr., of Washington, D. C., for appellees.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal by a tenant from a judgment for possession of dwelling property in a landlord and tenant proceeding. Three points urged as grounds for reversal require our consideration.

The action was in the names of two plaintiffs. One, Mrs. Mosher, is legal owner of the premises, who had contracted to sell the property to Mr. Horner. The other plaintiff, Mr. Moore, had contracted to buy the property from Horner. The contract between Horner and Moore contained the statement that "Purchaser is buying the above premises for his own use and occupancy."

One condition under which the District of Columbia Emergency Rent Act permits recovery of possession by a landlord is: "The landlord has in good faith contracted in writing to sell the property for immediate and personal use and occupancy as a dwelling by the purchaser and that the contract of sale contains a representation by the purchaser that the property is being purchased by him for such immediate and personal use and occupancy." Code 1940, § 45—1605(b) (3).

Defendant contends that the above provision has no application to the present situation because Horner's contract with Mrs. Mosher contained no representation that he was purchasing for his own use and occupancy; and that the provision in the contract with Moore that he was pur-

chasing for his own use and occupancy is not effective in this case because there was no privity of contract between Mrs. Mosher and Moore. In other words, the tenant says Mrs. Mosher, the landlord, in bringing this action relies on a contract to which she is not a party, and accordingly has not met the statutory requirement.

The section of the Emergency Rent Act above quoted gives the landlord the right to maintain suit for possession when in good faith he has contracted to sell to one who is buying for his immediate personal use and occupancy. Of course, the sale could be completed and the new owner could bring the action under Section 5(b) (2); but many purchasers, desiring not to be involved in litigation with the tenant, prefer that the seller bring suit for possession and be prepared to deliver possession when the contract of purchase is closed. It is evident that Section 5(b) (3) was designed to cover this situation. It gives the legal owner the right to sue for possession for the benefit of the equitable owner. To hold that in this case Mrs. Mosher cannot maintain the action would, it seems to us, be an unreasonably strict interpretation of the statute. Such a holding would compel her to close her sale with Horner, who then being legal owner could maintain the action, basing it on his contract with Moore, and obtain possession and subsequently close with Moore. The net result would be the same; the difference would lie in the delay caused Moore in obtaining possession of the property he had bought for his home.

The section of the Act in question, we think, lays emphasis on protecting a tenant from being evicted under a simulated sale, and its main requirement is that the purchaser shall in fact enter into the contract in good faith, making the purchase for his immediate and personal use and occupancy as a dwelling. When this is established it is immaterial that his contract is not directly with the legal owner but is made with one who has contracted to buy from the legal owner. Neither do we think it material that Horner was selling to Moore at a profit. The Rent Act does not attempt to regulate profits on the sale of property.

The second question for consideration is the tenant's contention that the action below necessarily involves title to real estate and should have been dismissed because of lack of jurisdiction in the court to try an issue involving title. This contention is based on the tenant's claim that her lease contained an option to purchase, which option she is seeking to enforce in an action in the District Court. The question of the option, plus the intermediate sale to Horner, it is argued, shows that title to the real estate was involved.

The tenant says title to real estate need not be pleaded; that when it appeared that title was involved it was the duty of the court to dismiss the action for want of jurisdiction. The rule is that "the municipal court shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties." Schwartz v. Murphy, 72 App.D.C. 103, 108, 112 F.2d 24, 29. And the procedure for putting title in issue in summary proceedings for possession of real property is expressly provided by statute (Code 1940, § 11—738), which requires that such issue be raised by plea under oath, accompanied by an undertaking, in which event the case shall be certified to the District Court. See Rule 5 of the Landlord and Tenant Rules of the trial court. We think the provisions of the Code are mandatory for the reason that in the summary landlord and tenant action the issue to be tried is one of possession, and not of title. Brown v. Slater, 23 App. D.C. 51; Miller v. Prophet, D.C.Mun.App., 37 A.2d 450; Shipley v. Major, D.C.Mun. App., 44 A.2d 540. Questions of title can enter the case only by special plea of the defendant and such a plea must comply with the statute. If no plea of title is filed, there is no question of title in the case, and the court is free to proceed to try the issue of possession. Here, defendant filed no plea of title, filed no undertaking and sought no certification to the District Court. The trial court had no right to dismiss the proceeding for lack of jurisdiction. The plaintiff sued for possession and the court had the right and duty to try that issue. Had a proper plea of title been interposed, the court would have been compelled to certify the case in accordance with the statute. In the absence of such a plea the court had no power to certify. And there is no provision of law for dismissing the case, simply because at some stage of the proceeding the defendant attempts to inject the question of title. Since there was no plea of title, the trial court was correct in confining its determination to the issue of possession. It is true that the trial court held,

in its memorandum opinion, that the defendant had no valid option to purchase the property, but that question was not properly before it and may be disregarded as surplusage. The judgment for possession did not conclude any question of title. Code 1940, § 11—739.

The final question involves the validity of the notice to quit. The tenant attacks the notice on several grounds but we think the only one requiring consideration is whether the notice gave the required thirty days. Defendant's contention is that she held as a tenant by the month under a written agreement and that the thirty day notice did not expire on the first of the month, the day on which her tenancy commenced to run, as required by Code Section 45—902. Plaintiff's contention is that defendant was a tenant by sufferance and that the thirty day notice could be served at any time as provided by Code Section 45—904.

Defendant's tenancy commenced under a written agreement with Admiral E. J. Marquart, whereby she became a tenant by the month, commencing May 1, 1939. At that time the property was subject to an $8,500 first trust in favor of Mrs. Mosher, who had sold the property previously to Mrs. Marquart. After the death of Mrs. Marquart, Admiral Marquart, who inherited the property from his wife, conveyed it to Mrs. Mosher in consideration, among other things, of the cancellation of the deed of trust and note secured thereby. At time of reacquisition of title by Mrs. Mosher the defendant was in possession under her lease; but Mrs. Mosher says she did not accept an assignment of the lease, as she did not wish to be bound thereby, and she asserts that the lease was terminated by her acquisition of the property in the manner stated and, as a result, defendant became a tenant by sufferance.

We fail to find any ground for holding that defendant's lease was extinguished by Mrs. Mosher's reacquisition of title to the property. Her lease was made with Admiral Marquart, the then owner of the property. His title, and consequently defendant's lease, was subject to the deed of trust held by Mrs. Mosher, but there was no foreclosure of the deed of trust. Cf. McFarland Real Estate Co. v. Joseph Gerardi Hotel Co., 202 Mo. 597, 100 S.W. 577. By agreement Admiral Marquart conveyed title to Mrs. Mosher and she canceled the deed of trust. This transaction did not affect defendant's lease and Mrs. Mosher took title subject to that lease. Cf. Burgoon v. Lavezzo, 68 App.D.C. 20, 92 F.2d 726, 113 A.L.R. 944. The fact that the lease was not of record is immaterial, since defendant was in possession of the property and Mrs. Mosher was thereby charged with notice of her rights. Kirby v. Tallmadge, 160 U.S. 379, 16 S.Ct. 349, 40 L.Ed. 463; McKinley v. Crawford, 61 App.D.C. 123, 58 F.2d 528; Pond v. Goldstein, 9 Cir., 41 F.2d 76; Tinkler v. Devine, 159 Kan. 308, 154 P.2d 119. Accordingly, defendant's tenancy under her written agreement continued under Mrs. Mosher. In order to terminate her tenancy it was necessary that the notice expire on the first day of the month, the day on which her tenancy commenced to run. It being conceded that the notice did not so expire, it was not effective. For this reason the judgment must be reversed.

Reversed.