97 A.2d 920 (1953)
NICKLES
v.
SULLIVAN.
No. 1341.
Municipal Court of Appeals for the District of Columbia.
Argued May 18, 1953.
Decided June 22, 1953.
Denis K. Lane, Washington, D. C., for appellant.
Herman Miller, Washington, D. C., for appellee.
Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.
QUINN, Associate Judge.
This cause was previously before us in Nickles v. Sullivan, D.C.Mun.App., 83 A.2d 283. Appellee, plaintiff below, sued for possession of commercial property, alleging in his complaint that defendant was occupying the premises under an expired lease and that no notice to quit was required. Defendant's verified answer denied that Sullivan was entitled to possession, basing such contention on an alleged valid contract to purchase the property entered into by defendant with one Ruffner, prior to the sale of the property to plaintiff. As the Municipal Court has no jurisdiction to try an action in which title to real property is involved,[1] defendant requested *921 that the proceedings be certified to the United States District Court.[2] At the first trial a directed verdict was entered for plaintiff at the conclusion of defendant's opening statement. On appeal we reversed and remanded with instructions that evidence be taken in order to determine the jurisdictional question of whether title to the property was directly in issue.
At the second hearing, after evidence was introduced, the court ruled that title was in issue. Later another judge set the undertaking required by the Code at $10,000. Defendant then moved that the undertaking be reduced to $3,000. This motion was denied but the court reduced the amount to $7,500, which amount was to be posted on or before January 7, 1953. When defendant failed to post this amount by the required date, Sullivan filed a motion to strike the plea of title and requested judgment for possession. The motion was granted and defendant brings this appeal.
Two of the assignments of error relate to the striking of the plea of title, and the court's refusal to certify the case to the District Court. Appellant overlooks the requirements of the statute,[3] which states that if the defendant pleads title to the premises in himself, "* * * and shall enter into an undertaking, with sufficient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the District Court * * *." (Emphasis supplied.) Defendant filing such a plea must comply with the statute, the provisions of which are mandatory,[4] and if the plea of title is not perfected in compliance with the statute, the court has no alternative except to try the issue of possession. The undertaking not having been posted by defendant, the court did not err in striking the plea of title and in refusing to certify the case to the District Court.
The second assignment of error relates to the granting of the motion for judgment for possession. The suit was for commercial property (which is not covered by the Rent Act) and the complaint alleged that defendant's lease had expired. The answer did not deny this allegation and no question was raised by defendant as to the validity of the lease under which he entered into possession. Code 1951, § 45-901 provides: "When real estate is leased for a certain term no notice to quit shall be necessary, but the landlord shall be entitled to the possession, without such notice, immediately upon the expiration of the term." This section plus the fact that no rent was accepted after the expiration of the lease[5] and that defendant was duly notified that plaintiff required possession fixed the rights of the parties beyond doubt. Defendant in this case was merely continuing in possession after the lease expired, against the will of plaintiff. Thus he could not claim to be a tenant by sufferance and entitled to a notice to quit. Williams v. John F. Donohoe & Sons, D.C.Mun.App., 68 A.2d 239. Therefore the plea of title having been stricken and there being no genuine issue of fact, the court did not err in granting plaintiff's motion which was in effect a motion for summary judgment. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.[6]
Defendant's final contention is that the court erred in setting too high an undertaking and in refusing the lesser undertaking tendered by the defendant. Both the Code and Rule 5 of the Landlord and Tenant Court state that the undertaking in this type of case must be approved by the court. The amount is a matter within the sound discretion of the trial court and not subject to reversal unless abuse of that discretion is shown. Defendant has failed to show any reason why the amount set by that court is unreasonable and an examination *922 of the record discloses none. Finding no error in the record, the judgment is
Affirmed.
NOTES
[1] Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336.
[2] Code 1951, § 11-738.
[3] Code 1951, § 11-738.
[4] Mindell v. Glenn, D.C.Mun.App., 65 A.2d 340; Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755.
[5] Bell v. Westbrook, D.C.Mun.App., 50 A.2d 264.
[6] Cf. Smith v. Leventhal, D.C.Mun.App., 97 A.2d 139.