**OURISMAN CHEVROLET, Inc.**

v.

**SUBER.**

No. 1481.

Municipal Court of Appeals for the
District of Columbia.

Argued March 26, 1954.

Decided April 2, 1954.

Gilbert Hahn, Jr., Washington, D. C., for
appellant. .

Josiah Lyman, Washington, D. C., with
whom Alan B. David, Washington, D. C.,
was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff below, purchased a
house wherein appellee, defendant below,
was residing. Notice to quit was served on
defendant and, when he refused to surren-
der possession of the premises, suit was
brought in the Landlord and Tenant Branch
of the Municipal Court. Prior to the filing
of this action, defendant brought suit in the
United States District Court for the Dis-
trict of Columbia against plaintiff and
plaintiff's vendors. The complaint alleged
that defendant had a contract to purchase
the property in question and prayed for spe-
cific performance. In addition, he request-
ed that plaintiff be enjoined from institut-

ing suit for possession in the Municipal Court. But he took no further steps to obtain such an injunction.

In the landlord and tenant action in the Municipal Court, defendant moved that the proceedings be stayed pending final disposition of the suit in the District Court. A copy of the complaint in that action was attached to the motion. After a hearing, the court granted the motion, and plaintiff appeals.

■ Defendant contends that this appeal should be dismissed on the ground that the order staying the proceedings below is not a final order or judgment and therefore not appealable.[1] In Mindell v. Glenn,[2] a case very similar to the present one, we stated that although many orders staying proceedings are not appealable, the reviewability of an order is not controlled merely by a consideration of its form. We held there that a granting of a stay on the grounds that the Municipal Court was without jurisdiction to try the case because a question of title was involved was obviously final in effect and therefore appealable. Although no such explicit ruling was made by the court in the present case, the question of title was interjected into the proceedings below by attaching a copy of the District Court complaint to defendant's motion, and the granting of that motion was in effect a refusal to exercise jurisdiction until the question of title had been resolved in the District Court. Moreover, as we hold below, it was in violation of plaintiff's right to have title pleaded in the method prescribed by statute.[3] The order is therefore appealable.[4]

Plaintiff contends that the granting of defendant's motion was error because there was no question of title properly before the trial court, and therefore the issue of plaintiff's right to possession should have been tried. He argues that defendant has in effect made a plea of title without complying with the mandatory provisions of the Code. With this we agree.

■ The Code clearly states that a plea of title is to be raised by a plea under oath, accompanied by a sufficient undertaking to pay all intervening costs and damages. When it appears that title to land is necessarily and directly in issue, the case is to be certified to the District Court as the Municipal Court has no jurisdiction to try title to real property.[5] It is well settled that this section of the Code is mandatory,[6] and if not complied with no question of title can be brought into the case.[7] In the instant case defendant has failed to comply with these mandatory provisions and his failure to do so prevented the trial court from considering any question of plaintiff's title to the property in dispute. Plaintiff should not be subjected to an indefinite delay of his possessory claim without the protection of a bond for the intervening rent and damages. We rule that as plaintiff has legal title to the premises in dispute, he has a right to a trial of his claim for possession, and that it was error for the trial court to enter the order staying proceedings.

Reversed with instructions to vacate the order staying the proceedings.

1. Code 1951, § 11–772.

2. D.C.Mun.App., 65 A.2d 340.

3. Code 1951, § 11–738.

4. Cf. Bradley v. Triplex Shoe Co., D.C. Mun.App., 66 A.2d 208, where no attempt was made to raise an issue of title.

5. Nickles v. Sullivan, D.C.Mun.App., 97 A. 2d 920.

6. Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755; Mindell v. Glenn, supra.

7. Nickles v. Sullivan, supra.