52 N.J. Super. 70 (1958)
144 A.2d 805
ISIDOR DORMAN AND NATHAN HILLMAN, PLAINTIFFS-RESPONDENTS,
v.
MARGUERITE FISHER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1958.
Decided September 24, 1958.
*72 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Robert Goodman argued the cause for defendant-appellant.
Mr. Martin Verp argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by CONFORD, J.A.D.
The Law Division entered summary judgment in favor of the plaintiffs in an action to recover possession of certain real property sold by the plaintiffs to the defendant in 1953 by an installment contract of sale.
The premises consisted of a two-family house in Paterson, sold for the price of $5,500. The written contract executed by the parties provided for a down payment of $300, the balance payable over a period of eight years in equal monthly installments, inclusive of interest, of $68.34 on the 31st day of each month, until the full balance was paid. The purchaser agreed to pay all taxes, assessments and water charges on the property and to carry fire and public liability insurance for the benefit of the sellers in respect to their interest under the contract; also to keep the property in good repair and condition at her own expense. Upon compliance by the purchaser with all the terms of the contract she was to receive a warranty deed for the property from the sellers upon the date of payment of the final installment due.
Paragraph 6 of the contract is as follows:
"6. That time of payment shall be of the essence of this contract and if any default shall be made in the payment of any of the installments as herein provided, and if any such default shall continue for a period of 30 days, then after the lapse of said 30 days, all installments previously paid shall, at the option of the Seller, without notice or demand, be and become forfeited, irrevocably, and be retained by the Seller as liquidated damages, and thereupon this contract shall be terminated and be of no force and effect."
*73 From an affidavit submitted on the motion for summary judgment it appears that defendant has been in default of the monthly installments since October 1956, despite demands for payment by plaintiffs. The complaint herein was filed December 3, 1957. One of the plaintiffs further deposes that when the contract was executed each of the two apartments in the house was rented, furnished, and without utilities, at $15 per week.
Plaintiffs have declared a default under the contract and purport to be exercising the right declared therein to terminate it. Possession of the premises was demanded as an incident of such termination. Defendant's sole ground of appeal is that the granting of the motion for summary judgment erroneously denied her "right to show by competent evidence that the alleged long term contract for the sale of land was in actuality intended to be an equitable mortgage." She contends that her equity in the property cannot be foreclosed without giving her the same right to redeem which a defaulting mortgagor would have in a conventional mortgage foreclosure proceeding.
The only factual showing by defendant in opposition to the motion for judgment was an affidavit which, while not denying the making of the written contract or the extended default in payments, deposes:
"6. The sellers told me that I would get the deed to the property when I made the last payment, but that after the execution of the contract I was fully responsible regarding the property as if the deed were in my name.
"7. I have been advised that recently the value of the property has greatly increased because a new state highway is to go over the property.
"8. I have had no experience with matters pertaining to purchase of property, while Isador Dorman is highly experienced in such matters.
"9. It is my understanding that the deed was held by the plaintiffs as a security measure."
In judging the merits of this appeal it should be observed at the outset that there is no showing or claim of mistake, fraud, or other equitable basis for setting aside or reforming *74 the writing which defendant subscribed. Nor is any issue raised as to any supposed inequity in respect to the forfeiture of the installments paid prior to default. There hardly could be, in view of the obvious value of defendant's use and occupation of the premises since the making of the agreement and the substantial period of default here indicated. Cf. Lampaert v. Marohn, 11 Wash.2d 211, 118 P.2d 954 (Sup. Ct. 1941).
If the affidavit of the defendant contains no factual matter which, though assumed to be true, would derogate from plaintiff's right to possession as a matter of law, the summary judgment was properly entered. See R.R. 4:58-3. We think this is the situation here. Defendant's assertion that she was "fully responsible regarding the property" under the agreement is a mere conclusion, perfectly consistent with all the provisions of the contract, including those invoked by plaintiffs. See also A. Kaplen & Son, Ltd. v. Housing Authority of Passaic, 42 N.J. Super. 230, 235 (App. Div. 1956). The same observation is applicable to the defendant's assertion that it was her understanding "that the deed was held by the plaintiffs as a security measure." This is undoubtedly true, but we know of no principle that precludes the parties in such a situation from effectively bargaining that the party to be secured (here the vendor) shall as part of his security have the right to rescind the agreement in event of default by the purchaser and retain the moneys paid.
We are not presently concerned with the power of a court of equity to relieve from an unconscionable agreement where the circumstances warrant and the claim is made on that ground. See Howe, "Forfeiture in Land Contracts," in Current Trends in State Legislation  1953-1954 (1954), pp. 417, 426, 430, 434-39; Note: "Installment Land Contracts: Legislative Protection of Defaulting Purchasers," 52 Harv. L. Rev. 129 (1938). Here the issue is only whether the mere circumstance that the purchaser is in the position of an equitable owner and that retention of title by the vendor is provided in the contract as a security device precludes the enforcement of the specific sanctions for default deliberately *75 written into their agreement by the parties. The authorities are abundantly to the contrary. 5 Corbin on Contracts (1951), § 1075, p. 350; 59 C.J.S. Mortgages § 14(f), p. 48; Abbas v. Demont, 152 Neb. 77, 40 N.W.2d 265 (Sup. Ct. 1949); Ezzell v. Endsley, 197 Okl. 194, 169 P.2d 309 (Sup. Ct. 1946); Lampaert v. Marohn, supra; see also Schiffner v. Chicago Title & Trust Co., 79 Colo. 249, 244 P. 1012 (Sup. Ct. 1926); Coryell v. Hardy, 144 Kan. 194, 58 P.2d 1151 (Sup. Ct. 1936); cf. Pickering Lumber Co. v. Whiteside, 54 Cal. App.2d 200, 128 P.2d 899 (D. Ct. App. 1942). The Abbas, Lampaert and Ezzell cases, supra, are factually almost precisely in point.
Even were we to concede that the relationship of the parties under the agreement may fairly be characterized as that of equitable mortgagee (vendor) and mortgagor (vendee), see J.W. Pierson Co. v. Freeman, 113 N.J. Eq. 268, 271 (E. & A. 1933), it is the generally prevailing view that a mortgagor can by express agreement surrender or restrict his right of redemption, there being no showing of unfairness or inequitable circumstances, even subsequent to the execution of the mortgage. See Gavin v. Johnson, 131 Conn. 489, 41 A.2d 113, 156 A.L.R. 1130 (Sup. Ct. Err. 1945). A fortiori, where, as here, express stipulations negating a right of redemption are entered into as part of the transaction in which the supposed equitable mortgage is created.
The well-established rule permitting extrinsic proof to show that a deed was given as security for a debt rather than as an outright conveyance has no relevancy to the problem before us. See 4 Pomeroy's Equity Jurisprudence (5th ed. 1941), § 1196, p. 585. Here the parties do not differ as to the nature of their instrument of agreement, but only as to whether a clear and unambiguous stipulation therein as to the consequences of a default is to be accorded judicial enforcement. See Korb v. Spray Beach Hotel Co., 24 N.J. Super. 151, 155 (App. Div. 1952).
Judgment affirmed; no costs.