Geneva H. SAYLES, Appellant,

v.

Esther EDEN, Appellee.

No. 2176.

Municipal Court of Appeals for the District of Columbia.

Submitted May 26, 1958.

Decided Oct. 2, 1958.
Rehearing Denied Oct. 27, 1958.

1.  Cf. Brier v Orenberg, D.C.Mun.App., 1952, 90 A.2d 832, 833.

Geneva H. Sayles, appellant, pro se.

Herman Miller, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellee filed a complaint under oath for possession of certain real estate alleging that she had purchased the property at a foreclosure sale; that appellant was unlawfully detaining the same; and that due notice to quit had been served. When the matter came on for hearing, appellant's only defense appeared to be a claim of title to the property. The trial judge accordingly informed appellant she would be given time to file a plea of title pursuant to Rule 5 of the Landlord and Tenant Branch. She refused to file such a plea and stated that in her opinion such procedure was unnecessary. As appellant admitted receipt of notice to quit and interposed no other defense to the sworn complaint, the court confined its determination to the issue of possession and entered judgment for appellee.

The Municipal Court has no jurisdiction to try an action in which title to real estate is in issue.[1] Code 1951, § 11–738, expressly prescribes the procedure to be followed when title is put in issue by a defendant in summary proceedings for possession of real property. As explained in this Code section, the litigant must file a written plea setting forth the nature of the title claimed accompanied by an undertaking. Upon approval of the court, the proceedings are then certified to the District Court. Rule 5, referred to by the trial judge, is declaratory of this procedure.[2]

These provisions are mandatory. The question of title can enter the case only by a special plea of defendant and if not perfected in accordance with the statutory requirements, the court is without authority to dismiss for lack of jurisdiction, but must proceed to hear the case on the issue of possession.[3]

The course of action pursued by the trial judge was correct and the judgment will be

Affirmed.

---

1. Code 1951, § 11–703.

2. "Every defendant desiring to interpose a plea of title must file such a plea in writing, under oath, and must accompany it by an undertaking which must be submitted to the court for approval within 4 days thereafter."

3. Nickles v. Sullivan, D.C.Mun.App., 97 A.2d 920; Knowles v. Mosher, D.C.Mun. App., 45 A.2d 755.