**Clarence A. WINKLER, Appellant,**

v.

**Amanda J. MASSEY, Appellee.**

**No. 2783.**

Municipal Court of Appeals for the District of Columbia.

Submitted April 3, 1961.

Decided May 8, 1961.

James Shenos, Washington, D. C., for appellant.

Samuel F. Ianni, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This was a suit by Amanda J. Massey for possession of residential property. Defendant Winkler filed an answer alleging that he had a one-half interest in the prop-

erty. Later he also filed a plea of title advancing the same defense.[1]. At the trial plaintiff countered this move by producing a formal release by which Winkler purported to release his interest in the property, the purchase of which was being completed by plaintiff. After taking testimony the trial court ruled that defendant had released his interest in the property and that the evidence did not raise a question of title so as to require certification to the District Court, and ordered a finding for possession in favor of plaintiff.

Bringing the case here for review, Winkler argues that the trial court was without jurisdiction to hear the case and should have ordered it removed to the District Court as soon as the plea of title was interposed. Although much earlier cases took that view,[2] it is now well recognized that the Municipal Court is not to look to the pleadings alone in determining whether it has jurisdiction and that only when it becomes evident after hearing all the evidence that title to real estate is necessarily and directly in issue may the Municipal Court reject jurisdiction.[3] The trial court used the proper approach in hearing the evidence before passing on the plea of title.

The next question is whether after hearing the evidence the court was correct in its findings that Winkler, by virtue of a release executed by him, had released his interest in the property and in effect that there was no question of title to be decided.

Winkler and Massey, in contemplation of marriage, agreed to jointly purchase the property. There is confusion in the record as to how much money each contributed toward the purchase price. By mutual agreement title to the property was taken in the name of Miss Massey.

Massey introduced into evidence a "General Release," which she said was signed by Winkler in her presence, releasing to her his interest in the property in consideration of $500. A check covering this payment was placed in evidence. Winkler at first denied ever seeing the release and later refused to testify concerning it, invoking the Fifth Amendment. A handwriting expert testified to the genuineness of Winkler's signature on the release. All the evidence recited was produced during plaintiff's case. Defendant did not take the stand in his own behalf; nor did he present any witnesses. Thus the trial court was completely justified in deciding that he had released his rights and had no standing to challenge plaintiff's claim for possession.

Other contentions advanced by appellant are found to be without merit.

Affirmed.

HOOD, Associate Judge (concurring).

I concur in the result but for different reasons than those stated by the majority. It seems clear from the record that the parties agreed to jointly purchase the property and both contributed money towards its purchase, but when time for settlement arrived for reasons satisfactory to the parties it was agreed that title should be taken in the name of appellee alone. It appears to me, and the parties themselves seem to agree, that although legal title was in appellee alone, appellant had an equitable interest in the property. When this action for possession was brought by appellee, appellant defended on the basis of his equitable interest. To overcome this defense appellee asserted that, by a written instrument, appellant had released to her any and all claims he had against her, including any

---

1. Our Code provides that when such a plea is properly made the Municipal Court shall certify the proceedings to the United States District Court. Code 1951, § 11–738.

2. Johnson v. Simmons, 53 App.D.C. 356, 290 F. 331; Gray v. Ward, 45 App.D.C. 498.

3. Nickles v. Sullivan, D.C.Mun.App., 83 A.2d 283; Knowles v. Mosher, D.C.Mun. App., 45 A.2d 755; Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24.

right, title or interest in the property. Appellant denied executing such a release. If this were all, I think an issue of title was properly presented; because a determination of whether appellant had or had not executed the release, and, if he had executed it, what effect it had on his equitable interest in the property, would necessarily involve trying an issue as to interest in real estate

However, after appellant's denial that he had executed the release, when further questioned concerning its execution, he refused to answer. By so refusing he prevented the court from making full inquiry necessary to determine whether there was a genuine issue of title or a mere unfounded assertion of such issue. Under these circumstances I think the trial court was justified in declining to certify the case.