Eva F. GREEN, Appellant,

v.

**UNITED SECURITIES CORPORATION,**
Appellee.

No. 2881.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 11, 1961.

Decided Jan. 24, 1962.

Henry Lincoln Johnson, Jr., Washington, D. C., for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

■ This action was brought by appellee for the sum of $1,539.60 allegedly due on a promissory note executed by appellant and her son in the purchase of an automobile by the son. Service of process on appellant was made by leaving a copy of the summons and complaint at her home with a roomer [1] on February 16, 1961. The roomer left the summons and complaint on a radiator in the hall. The papers fell behind the radiator and appellant did not find them until March 7. On March 9 a default judgment was taken against appellant. On March 13 she filed a motion to set aside the default and accompanied her motion with an answer to the complaint. The trial court refused to set aside the default and this appeal is from that refusal.

■ A motion to vacate a default judgment is addressed to the sound discretion of the trial court and its action will not be disturbed on appeal except for abuse of discretion. Some years ago in Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791, we set forth in detail the circumstances to be weighed in determining whether to grant relief from a default judgment. There we held that because courts universally favor trial on the merits, a slight abuse of discretion is sufficient to justify reversal of an

1. Municipal Court Civil Rule 4(c) (1).

order refusing to set aside a default judgment. We concluded that the circumstances there disclosed justified us in reversing a denial of relief from a default judgment, and we reach the same conclusion here.

Although appellant was properly served with process, actual notice of the pendency of the action came to her attention only two days before the default judgment was taken. Within four days after entry of the judgment, she filed her motion to vacate and tendered an answer setting forth a meritorious defense. She acted with reasonable diligence; and there is no showing of bad faith or willful disregard of court process on her part. Vacating the default and allowing a trial on the merits will not substantially affect appellee's rights. It may obtain judgment by proving its right thereto.

Reversed with instructions to vacate the default judgment against appellant.