Jacqueline G. SUTTON, Appellant,

v.

Earline B. JONES, Appellee.

No. 3028.

Municipal Court of Appeals for the District of Columbia.

Argued May 4, 1962.

Decided June 4, 1962.

Arthur Woods, Jr., Washington, D. C., for appellant.

John L. Laskey, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In this jurisdiction, when a defendant in a possessory action claims title to the premises, the Municipal Court is required to certify the action to the United States District Court for trial and disposition. The statute provides that such plea of title shall be under oath, and that the defendant shall enter into an undertaking, with surety to be approved by the Court, to pay intervening damages and costs, and intervening rent for the premises. Code 1961, 11–738. A rule of the Municipal Court (L & T Rule 5) provides that a defendant filing such plea "must accompany it by an undertaking which must be submitted to the court for approval within four days thereafter." The question on this appeal is whether the trial court exceeded its power in enlarging the time for filing such undertaking.

On the return day the case was continued for two weeks, to January 18, 1962. Defendant then filed a plea of title, and the trial court fixed the amount of the undertaking at $3,500. Five days thereafter the plea of title was stricken for failure to file an undertaking, and judgment for plaintiff was entered. Five days after that step, defendant filed a motion to vacate the judgment, to reinstate her plea of title, and to enlarge the time for approval of her undertaking. She tendered herself ready to submit the undertaking, with an approved corporate surety. In the motion counsel for defendant recited that while negotiating to secure the undertaking, which was difficult to obtain, he overlooked the four-day provision in Rule 5 and failed to apply for enlargement of time. After hearing, the motion was granted, and the following day the undertaking was approved and the case was ordered certified to the United States District Court.

The Code provision above cited fixes no time for filing a plea of title; it says, "If upon the trial the defendant pleads title * * *" etc. Nor does it limit the time for submission or approval of the undertaking. The trial court rule says the undertaking must "accompany" the plea of title, and must be submitted for approval within four days thereafter. It has never been held that this is an absolute or jurisdictional limitation, not subject to extension or enlargement. We think there is no question that this is in a general procedural area in which the trial court has power to extend time for proper reasons. See Green v. United Securities Corp., D.C.Mun.App., 177 A.2d 430; Municipal Court Rules 6(b) (2), and 60(b).

We cannot hold that the rule requiring a defendant to "accompany" the plea of title by an undertaking means that he must literally do both things at the same time. Such would in most cases be virtually impossible, since he would first have to ask the court to fix the amount of the undertaking, and then find a surety willing to sign it. On several occasions we have held that the statutory provisions for raising a plea of title are mandatory.[1] But we have never held, and we decline to hold now, that the four-day period for filing the undertaking may not be enlarged.

We are satisfied that the action taken below was not improper, and reflects no abuse of discretion. Plaintiff's rights are fully protected by the undertaking which, in compliance with the statute, makes defendant and her surety answerable for intervening damages and rents, together with costs.

Affirmed.

---

[1] See, e. g., Sayles v. Eden, D.C.Mun.App., 144 A.2d 895; Ourisman Chevrolet, Inc. v. Suber, D.C.Mun.App., 104 A.2d 252; Nickles v. Sullivan, D.C.Mun.App., 97 A.2d 920.