Susie V. WATWOOD, Appellant,

v.

William W. MORRISON and J. Virginia Morrison, Appellees.

No. 3255.

District of Columbia Court of Appeals.

Argued June 10, 1963.

Decided July 12, 1963.

Rehearing Denied July 30, 1963.

Wallace L. Schubert, Washington, D. C., for appellant.

Nelson Deckelbaum, Washington, D. C., for appellees.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

PER CURIAM.

This is an appeal from a judgment of the trial court awarding appellees possession of residential property. Appellant urges here as she did below that by virtue of a contract of sale entered into with appellees she became the "contract owner" of the premises; that there is a suit for specific performance of the contract now pending in the United States District Court for the District of Columbia, and that since the Court of General Sessions does not have jurisdiction to determine title to real property the court erred in not dismissing the case.

■ The question of title is not automatically in issue in every action for possession of real estate; it becomes an issue only when the plaintiff's title is challenged by the defendant. Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785. And such challenge must follow statutory requirements.

Our Code 1961, § 11–738 provides that in an action for possession:

"If upon the trial the defendant pleads title to the premises, in himself or in another under whom he claims, setting forth the nature of said title, under oath, and shall enter into an undertaking, with sufficient surety, to be approved by the court to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the United States District Court for the District of Columbia, and the same shall be further continued in said court according to its rules."

■ These requirements are mandatory. The question of title can enter the case only upon the plea of a defendant perfected in accordance with the specific requirements of the statute. If the defendant fails to perform any of the requirements the court is without authority to dismiss for lack of jurisdiction and must proceed to hear the case on the issue of possession. Sayles v. Eden, D.C.Mun. App., 144 A.2d 895; Nickles v. Sullivan, D.C.Mun.App., 97 A.2d 920; Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755.

■ Appellant has failed to comply with the statute in failing to furnish the required undertaking. It is also questionable whether appellant met the statutory requirement that a plea of title be filed. In her affidavit below she stated that "settlement of title has not been made." Thus appellant's plea amounted to an assertion of undetermined rights under a contract. We do not think that such an assertion is a plea of title within the meaning of the statute.

■ Contrary to appellant's assertion, her plea of title did not serve to oust the court of jurisdiction under Code 1961, § 11–704. That section deals with actions for trespass or injury to real estate and not with possessory actions. Thurston v. Anderson, D.C.Munn.App., 40 A.2d 342.

■ Nor did the pendency of the suit for specific performance in the District Court deprive the court below of jurisdiction. Royall v. Weitzman, D.C.Mun.App., 125 A.2d 680; Mindell v. Glenn, D.C.Mun. App., 65 A.2d 340; Knowles v. Mosher, supra, Section 11–738 prescribes the exclusive vehicle for removing possessory actions from the cognizance of the court. We find no error.

Affirmed.