Assayed Ahmed ZABARAH, Appellant,

v.

YEMEN ARAB REPUBLIC, Appellee.

No. 3381.

District of Columbia Court of Appeals.

Argued Dec. 16, 1963.

Decided March 20, 1964.

Robert M. Beckman, Washington, D. C., with whom William C. Burt and Koteen & Burt, Washington, D. C., were on the brief, for appellant.

Stanley H. Kamerow, Washington, D. C., with whom Allan L. Kamerow, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This action was commenced in the Landlord and Tenant Branch of the trial court by Yeman Arab Republic. In its complaint it alleged that it was entitled to possession of certain real estate in the District of Columbia, known as No. 4402 16th Street, N. W., and that said real estate was held without right by the defendant Assayed Ahmed Zabarah, and it asked for judgment for possession of said property. The de-

fendant in his answer, designated as a plea of title, denied that the plaintiff had any right, title or interest in the property and alleged that title was in one Mohamad Ibn Ahmad Hamid Addin, a citizen of Yemen, and that defendant, as representative and agent of said Mohamad Ibn Ahmad Hamid Addin, is lawfully entitled to possession of said property.

At the hearing these facts were developed. In 1951 there was recorded among the land records of the District of Columbia a deed conveying title to the property from a Mrs. Pilzer to Al-Imam Annasir Liddin, Ahmad Ibn Yahya Hamid Iddin, King of Yemen, for a recited consideration of $46,-500; that the King died in 1962; that after his death a revolutionary government took control of the country of Yemen and proclaimed itself to be the Yemen Arab Republic, and this government is now recognized by the United States. It thus appeared that title to the property was being contested between the Yemen Arab Republic and a representative of the heirs of the deceased King of Yemen.

The defendant moved to dismiss the action on the ground that it was one in ejectment for the purpose of trying title to real estate and that the District of Columbia Court of General Sessions has no jurisdiction of such action. The trial court denied the motion and ordered the defendant to file an amended plea of title, accompanied by an undertaking as required by District of Columbia Code, § 11–738; and then in accordance with that Code Section certified the action to the United States District Court for the District of Columbia. On this appeal defendant contends that this action was not properly certified to the District Court under § 11–738 and that failure of the trial court to dismiss the action was error.

■ Plaintiff contends that under the plain language of Code, § 11–735,[1] it had the right to bring this action and the trial

---

1. "Whenever any person shall detain possession of real property without right, or after his right to possession shall have

ceased, it shall be lawful for the municipal court, on complaint under oath verified by the person aggrieved by such de-

court had jurisdiction to entertain it, and that when at hearing it developed that plaintiff's title was in issue, the trial court was required to certify the case to the District Court in accordance with the provisions of Code, § 11–738.[2] It is beyond dispute that the trial court has no jurisdiction of cases where title to real estate is in issue.[3] It does have jurisdiction of cases involving the right to possession of real property where title is not in issue. Everyday examples of this type of action are actions by landlords against tenants, by purchasers at foreclosure sales against the mortgagors, and by purchasers at judgment sales against the judgment debtors. Normally in these cases the plaintiff's title is not questioned by the defendant. Recognizing that on occasion a defendant in such an action may raise an issue of title, Congress provided in Code, § 11–738, that if "the defendant pleads title to the premises, in himself or in another under whom he claims," he must file an undertaking and the trial court must then certify the case to the District Court.

We think it is evident that this section applies only to those cases where the defendant injects the question of title into the case, and has no application to a case where a plaintiff commences an action which requires him as an essential element of his claim to possession to first prove his title to the property.

Plaintiff relies heavily on Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785; but the exact holding in that case is that the trial court "has jurisdiction in ejectment cases where the title to real estate is not in issue, and that the plaintiff's title is not so in issue if it is expressly conceded or not denied." 90 U.S.App.D.C. 123, 195 F.2d 794. Here, of course, plaintiff's title was not conceded and was denied. Consequently the trial court lacked jurisdiction, but plaintiff nevertheless insists that it was proper for the trial court to certify the case to the District Court. This contention is answered in Shapiro v. Christopher, where it is said, citing Code, § 11–704,[4] that "whenever it becomes apparent in an action of ejectment in the Municipal Court [now Court of General Sessions] that the plaintiff's title must be tried and determined, then the court should take no further cognizance of the cause * * *." 90 U.S. App.D.C. 123, 195 F.2d 794.

The present action is clearly one in ejectment in which plaintiff's title must be tried, and when this became apparent the trial court should have taken no further cognizance of it. It should have dismissed the cause instead of ordering it certified to the District Court.

Reversed with instructions to dismiss the action for lack of jurisdiction.

tention or by his agent or attorney having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of possession."

2. "If upon the trial the defendant pleads title to the premises, in himself or in another under whom he claims, setting forth the nature of said title, under oath, and shall enter into an undertaking, with sufficient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the United States District Court for the District of Columbia, and

the same shall be further continued in said court according to its rules."

3. Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24 (1940); Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785 (1952); Duvall v. Southern Municipal Corp., D.C.Mun.App., 63 A.2d 336 (1949).

4. "The said jurisdiction of the municipal court shall extend to cases of trespass upon or injury to real estate: *Provided*, That if the defendant shall file with the court an affidavit that he claims title or acts under a person claiming title to the real estate, setting forth the nature of his title, the court shall take no further cognizance of the case."