Gladys **MAHONEY**, Appellant,

v.

Marion Virginia **CAMPBELL**, Appellee.

No. 3648.

District of Columbia Court of Appeals.

Argued March 1, 1965.

Decided April 29, 1965.

Rehearing Denied May 14, 1965.

---

Donald E. Sinrod, with whom Edward L. Genn, Washington, D. C., was on the brief, for appellant.

Thomas G. Laughlin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a judgment awarding possession and the reasonable value of the use and occupancy of certain premises located in the District. On December 29, 1962, appellant's brother, James Mahoney, died intestate, leaving the property which is the subject matter of this action. Appellant, who had lived in the house during the lifetime of her brother, contiued to reside there after his death. Appellee filed suit against appellant in the Landlord and Tenant Branch of the trial court and was awarded possession of the premises and $1,800 for the value of its use and occupancy.

The basis of appellee's claim was a decision of the United States District Court for the District of Columbia establishing that she was the sole heir and next of kin of the deceased James Mahoney. In the action in that court appellee applied for letters of administration, alleging that she was his only child. Appellant challenged appellee's petition, claiming that she was not the decedent's daughter. A trial on the issue of kinship resulted in a finding for appellee, which was affirmed on rehearing. An appeal to the United States Court of Appeals for the District of Columbia was pending when the present action was litigated.

On July 23, 1964, appellee filed a complaint seeking to recover possession of the premises. She alleged that appellant was holding the property without right and that she was the fee simple owner by virtue of the statute of descent and distribution. Although the complaint alleged that appellant was in default of "rent" in the amount of $1,800, it did not contain a claim for a money judgment and there was no personal service on appellant. At the trial, however, the court allowed appellee, over appellant's objection, to amend the complaint to include a claim for the reasonable value of the use and occupancy of the house. Appellant objected to the jurisdiction of the court, but judgment was awarded to appellee.

Appellant contends that the trial court lacked jurisdiction to enter judgment for possession in this action. Her argument is based mainly on the case of Zabarah v. Yemen Arab Republic, D.C.App., 198 A.2d 906 (1964), where we decided that an action in ejectment had to be dismissed because the plaintiff was required to prove its title to the property in question as an essential element of its claim.

It is undisputed that the Court of General Sessions has no jurisdiction to try cases involving title to real property.[1] But, as we have held many times in the past, the rule bars from litigation only those actions where title is necessarily and directly in issue between the parties and not those where title is only incidentally involved. The court must decide the extent to which title is in issue by hearing evidence, a mere claim or denial of title ordinarily not being enough to prevent the case from being tried.[2]

1. Code 1961, § 11–961 (Supp. IV, 1965); Nickles v. Sullivan, D.C.Mun.App., 97 A. 2d 920 (1953); Bradford v. Castiglioni, D.C.Mun.App., 88 A.2d 186 (1952); Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336 (1949).

2. Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785 (1952); Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24 (1940); Winkler v. Massey, D.C.Mun. App., 170 A.2d 231 (1961); Nickles v. Sullivan, D.C.Mun.App., 83 A.2d 283 (1951); Duvall v. Southern Municipal Corporation, supra, n. 1.

The District Court, on three separate occasions,[3] heard argument on the issue of kinship. Each time it found that appellee was the sole heir of the deceased former owner of the property. Appellee thus had a prima facie claim of title and was not required to prove title as an essential element of her claim. She merely had to establish proof of the decree of the District Court. The pendency of the appeal of that judgment at the time of the trial of this action did not prevent the Landlord and Tenant Branch from recognizing it as establishing appellee's title. V. E. M. Hotel Service, Inc. v. Uline, Inc., D.C.App., 190 A.2d 812 (1963); Hartmann v. Time, Inc., 64 F.Supp. 671 (E.D.Pa.1946), applying District of Columbia law. There was thus no necessary and direct issue of title between the parties, appellee merely having to prove her right to possession.

Even if title could have been made an issue of this case, appellant's mere assertion in her answer and at trial that appellee "is not the established owner of the premises" was not sufficient to prevent the court from deciding the issue of possession. Code 1961, § 11–738, as amended, § 16–1504 (Supp. IV, 1965), requires that if a defendant in an action for possession of real property wishes to insert the issue of title into the action, so as to have it certified to the United States District Court, he must enter a special plea of title asserting title in himself or in some third party under whom he claims, and he must provide an undertaking in an amount deemed sufficient by the court. The provisions of the statute are mandatory, and, if they are not satisfied, the court may go on to decide the question of possession.[4] Appellant did not enter a special plea or an undertaking, nor did she assert that title was in herself or some other person. The trial court was thus correct in deciding the issue of possession.

The trial court erred, however, in awarding appellee a money judgment of $1,800. The original complaint contained only a claim for possession; there was no claim for money and appellant was not personally served. Despite this, the court allowed appellee to amend her complaint and awarded her the value of the use and occupancy of the premises. This court was faced with a similar situation in the case of Paregol v. Smith, D.C.Mun.App., 103 A.2d 576 (1954), where it was held "that a landlord who sues for possession and omits addition of a claim for rent, may not thereafter in that suit add such a claim."[5] The court there held that to allow such an amendment would destroy the summary nature of an action for possession, noting:

" * * * If after suit is brought, a new claim can be added, additional time given to defendant, and counterclaim interposed to the additional claim, the summary nature of the proceeding is lost. * * *"[6]

The reasoning of the Paregol case is equally applicable here. In fact, this case is even stronger since appellant filed a timely objection to the lack of personal service. Without such service or a waiver thereof no money judgment could be entered.

The award of possession is affirmed and the award for the value of the use and occupancy of the premises is reversed.

Affirmed in part. Reversed in part.

3. The third hearing was granted after the trial of this action. The District Court reaffirmed its prior determination and that decision is now pending appeal to the United States Court of Appeals for the District of Columbia.

4. Watwood v. Morrison, D.C.App., 193 A.2d 71 (1963); Ourisman Chevrolet v. Suber, D.C.Mun.App., 104 A.2d 252 (1954); Knowles v. Mosher, D.C.Mun. App., 45 A.2d 755 (1946).

5. Id., at 578.

6. Ibid.