**Thelma G. THOMPSON, Appellant,**

v.

**Sylvan MAZO, Appellee.**

**No. 4173.**

District of Columbia Court of Appeals.

Argued March 25, 1968.

Decided Aug. 8, 1968.

---

Jerry S. Byrd, Greenville, S. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge:

■ Appellant was sued in the Landlord and Tenant Branch of the Court of General Sessions for possession of a dwelling house. The complaint alleged appellant was a ten-

ant at will and that her tenancy had been terminated by a thirty days' notice to quit.[1] Appellant filed a plea of title,[2] alleging that she and her husband owned the property as tenants by the entirety and that appellee had purchased the property at foreclosure sale under a deed of trust on which her name was forged, and that she had filed an action in the United States District Court for the District of Columbia to set aside the sale and to cancel the trustees' deed to appellee.

■ The Court of General Sessions has no jurisdiction to try title to real estate, but Code Section 16–1504 provides that when in an action for possession of real estate in that court the defendant pleads title in himself, or in another under whom he claims, setting forth the nature of the title, "and enters into an undertaking, with sufficient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the United States District Court for the District of Columbia, and the proceeding shall be further continued in the District Court according to its rules."

In accordance with the cited Code Section the trial court ordered the case certified to the District Court provided appellant posted an undertaking in the sum of $3,000. Appellant failed to post the undertaking and appellee moved to strike the plea of title because of such failure. Appellant opposed on the ground that she was financially unable to secure the required undertaking. The trial court struck the plea of title and thereafter gave appellee judgment for possession.

■ On this appeal the appellant concedes that the action of the trial court was in accord with the statute and with prior decisions of this court,[3] but she argues that

1. Where real property is sold under foreclosure of a deed of trust, the grantor of the deed of trust, or anyone in possession claiming under him, becomes a tenant at will of the purchaser at foreclosure and is entitled to a thirty days' notice to quit. D.C.Code 1967, §§ 45–822, 45–903;

Thornhill v. Atlantic Life Ins. Co., 63 App.D.C. 184, 70 F.2d 846 (1934).

2. D.C.Code 1967, § 16–1504.

3. Watwood v. Morrison, D.C.App., 193 A. 2d 71 (1963); Sutton v. Jones, D.C.Mun. App., 181 A.2d 470 (1962); Ourisman

the statute as applied to her in this case is unconstitutional because it required her to post an undertaking which she was financially unable to secure, and thus by reason of her indigency or lack of funds she was deprived of her only defense against the claim for possession, namely, her claim of title to the property.

■ In support of her contention appellant relies strongly on Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), but we do not see its application here. *Griffin* held that "our own constitutional guaranties of due process and equal protection both call for procedures in *criminal trials* which allow no invidious discriminations between persons and different groups of persons" and that in *"criminal trials,* a State can no more discriminate on account of poverty than on account of religion, race, or color." (Emphasis added.) 351 U.S. at 17, 76 S.Ct. at 590. The holding in *Griffin* plainly appears to be confined to criminal prosecutions by the State. The present case is a civil action between private parties. In such litigation the rights of both parties must be respected. We are aware of no constitutional principle which authorizes the denial or diminishing of the rights of one litigant because of the financial condition of the other.

■ While the statute here in question was designed to permit the defendant in a possessory action to file a plea of title and to have the question of title determined by the court having jurisdiction to try title to real property, it was also designed to protect the plaintiff in such action if the plea of title failed. As we said in a former case, "Plaintiff should not be subjected to an indefinite delay of his possessory claim without the protection of a bond for the in-

tervening rent and damages." Ourisman Chevrolet v. Suber, D.C.Mun.App., 104 A. 2d 252, 253 (1954).

There is nothing unusual in the requirement of a bond or undertaking as a condition precedent to asserting a right. For example, one wishing to commence an action by attachment before judgment must give a bond to protect the defendant against "all costs and damages" he may suffer by the wrongful suing out of the attachment;[4] one wishing to bring an action under our non-resident motorist statute must give an undertaking to reimburse the defendant, in case he successfully defends, for expenses necessarily incurred, including a reasonable attorney's fee;[5] and one wishing to stay execution of a judgment pending appeal must give a supersedeas bond.[6]

Other instances where one is required to furnish security or bond readily come to mind. An uninsured motorist under certain circumstances may be required to deposit security to avoid suspension of his driver's license,[7] and under certain circumstances a motorist must furnish proof of his "financial responsibility" in order to obtain renewal of a suspended driver's license.[8] One cannot obtain a real estate broker's or agent's license without furnishing bond.[9]

■ All of the above-cited examples place a heavier burden on one of limited financial means and in some instances may impose a burden that cannot be met, but such burdens are valid and reasonable when required to protect the rights of another or of the public. We find no constitutional defect in the statute or in its application to appellant.

It should be noted that the statute did not deny appellant the right to litigate the question of title to the real estate in an in-

Chevrolet v. Suber, D.C.Mun.App., 104 A. 2d 252 (1954); Nickles v. Sullivan, D.C. Mun.App., 97 A.2d 920 (1953); Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755 (1946).

4. D.C.Code 1967, § 16–501.

5. D.C.Code 1967, § 40–423.

6. General Sessions Court Civil Rule No. 73.

7. D.C.Code 1967, § 40–437.

8. D.C.Code 1967, § 40–453.

9. D.C.Code 1967, § 45–1405.

dependent action in the United States District Court. Indeed appellant filed such an action. At oral argument we were informed that the District Court action was dismissed as moot, not because of the judgment for possession,[10] but because of foreclosure of a second deed of trust on the property (the disputed deed of trust was a third deed of trust) whose validity was not questioned.

Affirmed.