AMERICAN CAN COMPANY, APPELLANT-RESPONDENT, v. DORNOIL PRODUCTS COMPANY, RESPONDENT-APPELLANT.

Argued February 6, 1941—Decided April 25, 1941.

For the plaintiff, *George G. Tennant*.

For the defendant, *Edward R. McGlynn*.

The opinion of the court was delivered by

PARKER, J. This is an ejectment suit. The plaintiff demanded possession, and added a claim for mesne profits as permitted by statute, first enacted in 1855. *Pamph. L.* 1855, *p.* 309, § 76; *Nix. Dig.* 1855, *pp.* 645-6; *Rev.* 1877, *p.* 332; *Comp. Stat.* 1910, *p.* 2063; *N. J. S. A.* 2:51-46. See Supreme Court rules 186 to 189 inclusive.

The case was tried without jury, and plaintiff had judgment for possession, but the claim for mesne profits was overruled, and the refusal to award mesne profits is the basis of plaintiff's appeal.

As to defendant's appeal: the answer first filed sets up in the first paragraph that defendant "disclaims all right, title, interest or possession in or to the lands" in question,

and alleges that at no time did it claim any such right, &c. The second paragraph is substantially that plaintiff always had the right of possession, and that defendant never did wrongfully deprive plaintiff thereof, and hence that no right to mesne profits accrued to plaintiff. This answer the court struck out, with leave to file further answer, and defendant then answered that "it denies the truth of the matters contained in the complaint." This, it will be observed, is the precise form appended to the rules of this court (1938) as form 22-a and entitled therein: "Answer in ejectment by tenant in possession where he defends for the whole premises claimed," and corresponds to form 4 in Revision of 1877 at page 334 with similar title. On this issue the cause was tried, and judgment for possession entered, as has been said, with costs, but excluding mesne profits.

The grounds of defendant's appeal are in substance (1) striking out the answer containing a "disclaimer," (2) refusing to consider the alleged "disclaimer," (3) awarding costs to plaintiff and refusing them to defendant, (4) generally, in refusing to find for defendant.

It is convenient to deal first with defendant's appeal.

For the practice of striking out an answer in ejectment in a proper case, we have the authority of *Milberg* v. *Keuthe,* 98 *N. J. L.* 779.

As to the "disclaimer" set out in the answer, in that form it is not warranted by the statute or practice. The present statute relating to disclaimer, *N. J. S. A.* 2:51-21, is substantially a re-enactment of the Revision of 1877, page 328, section 22, which was not in the Act of 1855 and probably was inserted by the revisers in view of *Stewart* v. *Camden and Amboy Railroad Co.,* 33 *N. J. L.* 115, decided in 1868. In that case a special application was made to the court for "liberty to deny at the trial, that (defendants) were in * * * possession * * * in such manner as to subject them to an action of ejectment * * *," section 22, *supra,* establishes the practice for disclaimer and calls for an "appearance" before the time to plead has expired, and an application for leave to disclaim, which may or may not be allowed by the court; and if so allowed, is then, and then only, to be "entered

on the record." In the present case it is not suggested that there was any such appearance and application; on the contrary, the "disclaimer" is part of the answer itself, and was in that guise properly struck out. This disposes of defendant's first ground of appeal.

Defendant's second ground of appeal is that "The lower court erred in determining that the defendant could not prove that it was not in possession when the action was instituted, whereas the court should have determined that by reason of the said disclaimer, the defendant could show that it was not in possession." As to this, it is sufficient to say that the trial court, sitting as a jury, found as a fact that defendant was not in possession; so that if there was error in excluding defendant's offer of proof, such error was harmless.

The other three grounds of appeal by defendant relate to the matter of costs, and will be considered presently.

We turn to plaintiff's appeal, the gravamen whereof is that the trial court refused to award mesne profits to plaintiff "notwithstanding that he found that by defendant's answer possession was admitted amounting to an ouster," &c. We think that the court properly refused mesne profits, and gave the correct reason, viz., that for an award of mesne profits defendant's possession must be shown. At common law the action of ejectment and the suit for mesne profits were separate actions, and may still be separate if the plaintiff so elects. *N. J. S. A.* 2:51-46 (*Comp. Stat.* 1910, *p.* 2063, § 45.) That statute permits the claim for mesne profits to be sued in conjunction with the ejectment. But the right of mesne profits springs from actual possession by defendant, and such possession must be proved. *Den, &c.,* v. *Fen,* 24 *N. J. L.* 544; *Derrickson* v. *White,* 32 *Id.* 137; *Steward* v. *Camden and Amboy Railroad Co., supra.* The claim for mesne profits remains in essence a separate claim, dependent on possession by defendant. By the statute (2:51-14) the "answer in an action of ejectment" apparently irrespective of its content, is an admission for the purposes of the "action" (of ejectment) that defendant either (a) was in possession, or (b) that he claimed title to the premises at the time of commencement of the action. In either event, and in a proper case,

judgment may go against him for possession: but the claim for mesne profits is a separate matter, dependent on proof of possession as though there were a separate suit for them, as there still may be. The trial court therefore properly held that there was an issue of fact in this regard, and decided as a matter of fact that defendant was not in possession of the land involved. There being evidence to support that finding, it is binding on us.

As to the matter of costs, defendant-appellant claims to have been entitled to them under *R. S.* 2:51-21 because of the disclaimer; but as we hold the attempted disclaimer was ineffective, the right to costs falls with it.

These views lead to an affirmance of the judgment of the Supreme Court on both appeals.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.