**Theodore J. SCHEVE and Geraldine E. Scheve, Appellants,**

v.

**Lucius H. HOLLINS, Zelda A. Hollins and Local 262 Federal Credit Union, Appellees.**

No. 21592.

United States Court of Appeals District of Columbia Circuit.

Argued May 14, 1968.

Decided Aug. 6, 1968.

Mr. Herman Miller, Washington, D. C., for appellants.

Mr. Ben Ivan Melnicoff, Washington, D. C., with whom Mr. Carl K. Goodson, Washington, D. C., was on the brief, for appellees.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

BAZELON, Chief Judge.

This is an appeal from a District Court decision confirming appellants' title to real estate but rejecting their claim for compensation for appellees' possession of the property pending adjudication of title. At issue here is whether appellants' original pleadings, which requested only possession, preclude a compensation claim and, if not, whether appellants are entitled to more than nominal damages.

In 1962 appellees Hollins failed to pay property taxes of $214 for 240 Madison Street, N.W. As a result, the property was ultimately sold to appellants' assignor on January 9, 1963, for the amount of the taxes plus interest. On January 8, 1965, three days before appellees' 2-year redemption period ended, appellants purchased the tax certificate, made a further payment of $640 to the District, and applied for a deed to the property (the record reveals that appellants' total investment in the property was $1,300 and that the fair market value of the property was stipulated to be $15,000). On February 4, 1965, appellees offered to pay the taxes and redeem the property; their offer was rejected because the redemption period had run.

On March 5, 1965, the District gave appellants a deed to the property. Appellants leased the property to appellees on May 1, 1965, under an agreement obligating appellees to pay rent at the rate of $140 per month retroactive to March

7, 1965. On May 18, 1965, appellants filed a complaint in the Court of General Sessions for possession of the premises. In defense the appellees, who remained in possession until April, 1967, claimed title to the property. Acting in accordance with D.C.Code § 16–1504, they filed a $1,250 title bond "to pay all intervening damages and costs and reasonable intervening rent for the premises," and the case was certified to the United States District Court for determination of the title issue.

The District Court found title in appellants, who thereupon moved that the $1,250 bond amount be paid to them as "damages * * * for use and occupancy" of the property from the time of the defense plea of title. The District Court denied this motion and granted nominal damages of $1.00. The appellants are here asserting that they are entitled to the full bond amount as compensation for appellees' occupancy of the property from May, 1965, until they vacated the premises in April, 1967. We agree.

I

We recognize the harshness of the tax foreclosure whereby appellees lost over $6000 equity in property—valued at $15,000—for their failure to pay $214 in taxes. And we wish it were possible to save uninformed tax debtors from loss. But Congress has established clearly defined procedures for adjudicating title from which we cannot deviate.

The controlling statute, D.C.Code § 16–1504, provides as follows:

When * * * [in a summary action for possession] the defendant pleads

title to the premises, in himself or in another under whom he claims, setting forth the nature of the title, under oath, and enters into an undertaking, with sufficient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the United States District Court for the District of Columbia, and the proceeding shall be further continued in the District Court according to its rules.

Implicit in this statute, as in related Statutes,[1] is the right of a successful plaintiff to obtain recovery of mesne profits as an adjunct to the proceeding for determining title and possession. Otherwise it would be meaningless to require the posting of a bond for that purpose in the title proceeding.

The appellees' contention that appellants are precluded from raising the claim for rent because the rent claim is a separate cause of action and, therefore, cannot be raised on the basis of the original complaint asking only possession is without merit. The cases cited in support of this contention, Mahoney v. Campbell, 209 A.2d 791 (D.C.App.1965), and Paregol v. Smith, 103 A.2d 576 (D.C. Mun.App.1954), are inapposite. These cases hold that a claim for rent in arrears, i.e., rent that was due and owing when the action was instituted,[2] cannot be raised on the basis of pleadings which request possession only. Moreover, neither case involved a title issue and, therefore, did not consider D.C.Code § 16–1504.

1. The use of a single proceeding for trying title and for determining mesne profits is fully in accord with tradition and logic. There is a long history of statutes designed to encourage joinder of these related claims which, at common law, were generally handled in separate actions. See Sabourin v. Woish, 117 Vt. 94, 85 A.2d 493, 496 (1952) ; American Can Co. v. Dornoil Products Co., 126 N.J.L. 345, 19 A.2d 646, 648 (1941) ; Hecht v. Colquhoun, 57 Md. 563 (1882) ; 28 C.J.S. Ejectment §§ 128–130. A single action avoids duplication and conserves time and effort for the judiciary and the parties.

2. In the instant case the appellants are not seeking rent which was due when the summary possessory action was instituted but rather are seeking compensation for the rental value lost during the period the title issue, an issue raised by defendants, was being determined.

The appellees' reliance on Local Rule 5 of the District Court to support their argument that the rent claim cannot be raised on the basis of their original pleadings is similarly misplaced. The basic purpose of that rule is to outline the formalities of pleadings, such as names and addresses of the parties and attorneys and type of stationery. Clause (d) of Rule 5 states an exception for actions transferred from the Court of General Sessions.[3] Obviously this exception to the normal form of pleadings has no relevance to the issues which may be raised.

## II

Next we determine whether appellants are entitled to more than nominal damages as compensation for appellees' wrongful possession of their property from the moment appellees pleaded title in May, 1965, until they vacated the premises in April, 1967. A major reason for requiring the defendant claiming title to post a bond for intervening damages and rent is to discourage defendants from interjecting the title issue for the purpose of delaying the possessory action or continuing in the enjoyment of rent-free premises. To advance this policy those successfully defending their titles are permitted to recover on the bond to the extent that property damage or loss of rent can be demonstrated. In the instant case it has been stipulated that the defendants wrongfully possessed property belonging to plaintiffs for a period of two years and that the fair rental value of this property was $140 per month. Thus we are left with no choice—the statute together with the record entitle the appellants to the full bond amount.

The District Court decision is reversed. We remand the case and order the District Court to allow appellants $1,250 as their compensation for the rent lost between May, 1965, and April, 1967.

Reversed and remanded.

---

3. (d) ACTIONS FROM DISTRICT OF COLUMBIA COURT OF GENERAL SESSIONS. This rule does not apply to an action certified from the District of Columbia Court of General Sessions on a plea of title. Such action may proceed to trial upon the complaint and plea of title certified from the District of Columbia Court of General Sessions.