Ralph C. TURNER, Appellant,

v.

Mary Nash DAY, Appellee.

No. 82–142.

District of Columbia Court of Appeals.

Argued April 5, 1983.

Decided May 11, 1983.

Richard Murray, Washington, D.C., for appellant.

Michael E. Brand and Kenneth J. Loewinger, Washington, D.C., for appellee.

Before NEWMAN, Chief Judge, and FERREN and TERRY, Associate Judges.

PER CURIAM:

This case concerns the exercise of trial court discretion, in requiring an "undertaking," when a defendant in an action for possession of real estate interposes a plea of title pursuant to Superior Court Landlord & Tenant Rule 5(c).[1]

## I.

Appellant Turner borrowed $51,282.00 from appellee Day and executed a promissory note for the money. Appellant used his residential property at 1646 Monroe Street, N.W. to secure the loan. After making three of the $512 monthly payments on the note, he defaulted. He then filed suit in the Civil Division, alleging that certain defendants fraudulently had induced him to apply for the loan and that the transaction with appellee Day (one of the party-defendants there) was usurious and violated the federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (1976). Judge Shuker, in a written memorandum opinion and order, denied appellant's motion for a preliminary injunction. Because of appellant's default in payments, there was a foreclosure sale on the Monroe Street property, which appellee Day purchased for $4,000. Day then instituted the present suit for possession in the Landlord and Tenant Division. Appellant defended with a plea of title.

Superior Court Landlord & Tenant Rule 5(c) requires defendants who interpose a plea of title to certify that the plea is in good faith and not for the purpose of delay, and also to file an application for an undertaking or for waiver of an undertaking.[2] The rule also provides for the court, when not granting a waiver, to approve the "form and amount" of the undertaking. In this case Judge Salzman, after a hearing, issued an order requiring Turner to pay $512 monthly into the court registry (reflecting his monthly payment on the note) and also to post a cash or surety bond of $25,000 as an undertaking. Appellant kept up the monthly payments but failed to post the $25,000. The clerk struck appellant's plea of title. Judge Norman then entered judgment for appellee Day.

Appellant maintains that the $512 monthly payments were a sufficient undertaking; that he was financially unable to post an additional $25,000 bond; that this failure precluded resolution of his property claim on the merits; and thus that the undertaking, by its failure to account for his financial situation, violated his rights to due process and equal protection of the laws. We disagree and thus affirm.

## II.

Our starting point is *Thompson v. Mazo,* 137 U.S.App.D.C. 221, 421 F.2d 1156 (1970). There, the United States Court of Appeals for the District of Columbia Circuit stated that, in setting undertakings:

Factors to be considered are a reasonable rental for the premises, possible damages

1. Super.Ct.L & T R. 5 Pleading by the Defendant.

   (c) *Plea of title.* A defendant desiring to interpose a plea of title must file such plea in writing, under oath, accompanied by a certification that it is filed in good faith and not for the purpose of delay and must also file an application for an undertaking or for waiver of undertaking, the form and amount of any such undertaking to be approved by the Court. Upon such approval by the Court, the undertaking shall be filed within 4 days

thereafter and the case shall be certified to the Civil Division for trial on an expedited basis. Upon failure to so file the undertaking, the Clerk shall strike the plea of title unless the Court for good cause shown shall extend the time within which the undertaking may be filed.

2. An undertaking is similar to a bond; it is a promise "to perform a judgment or to pay damages and costs." *Tenney v. Taylor,* 1 App. D.C. 223, 229 (1893).

and costs, the defendant's income, and the amount of payment which are presently being made to other mortgagees. The guiding principle for the court is, of course, to arrive at a reasonable monthly payment which will, at one and the same time, impose a fair obligation on the defendant, permit the case to be heard on the merits, and assure the plaintiff that if he wins he will, having been denied interim possession, at least receive reasonable intervening rent.

*Id.* at 226, 421 F.2d at 1161.

■ This rule seeks to accommodate the parties' legitimate but competing interests. The plaintiff in the possessory action wants assurance that he or she will be protected for any loss that may occur during the period that the defendant's claim to title is being adjudicated. *Ourisman Chevrolet v. Suber,* 104 A.2d 252, 253 (D.C.Mun.App. 1954); *Scheve v. Hollins,* 131 U.S.App.D.C. 160, 163, 403 F.2d 566, 569 (1968). The defendant's undertaking thus serves as a bond to protect the plaintiff by providing for intervening rent and damages, including assurance that the plaintiff, if successful, will have been compensated for the cloud on the title. *See Scheve, supra,* 131 U.S. App.D.C. at 163, 403 F.2d at 569. The defendant, on the other hand, has an interest in having his or her plea of title adjudicated on the merits and not dismissed solely because of an inability to put forth a money bond sufficient to protect the plaintiff in all respects. *Thompson, supra,* 137 U.S.App. D.C. at 227, 421 F.2d at 1162.

■ Contrary to appellant's assertions on appeal, however, *Thompson* does not bar an undertaking of a cash or surety bond merely because of allegations that the defendant is indigent.[3] Instead, *Thompson* teaches that the trial court must carefully balance the parties' respective interests such as those outlined above, including but not limited to, the defendant's income. Thus, we review the trial court's ruling for abuse of discretion.[4]

■ We understand Rule 5(c) presumptively to require an undertaking, subject to circumstances supporting the defendant's application for waiver. Thus, the defendant has the burden of persuading the court that the undertaking should be waived or in any event should be less than the plaintiff reasonably requests.[5] Here, appellee requested an undertaking of $40,000 to $60,000. We conclude that the trial court did not abuse its discretion in setting the $25,000 bond, in addition to the $512 monthly payments into the court registry, since appellant failed to put forth evidence on the record that the obligation imposed was unfair.

In the first place, appellant is fundamentally incorrect: the merits of his claim of title are not lost. He still can assert that claim in the fraud action he initiated in the Civil Division. There is no evidence of record that the foreclosure sale involved judicial action. *See* D.C.Code § 45–715 (1981) (court may provide terms of sale if not set

3. Even if it were binding on this court, *Young v. Ridley,* 309 F.Supp. 1308 (D.D.C.1970), relied on by appellant, does not interdict undertakings in cases where inability to meet the bond requirement is alleged. In *Young,* 309 F.Supp. at 1313 n. 12, the district court stated, in language unnecessary to its holding, that availability of the plea of title "shall not depend upon a litigant's economic posture" (citing *Thompson*). Nothing we say today is inconsistent with that proposition. We follow the *Thompson* analysis which requires an examination of all the competing interests involved.

4. *See Nickles v. Sullivan,* 97 A.2d 920, 921 (D.C.Mun.App.1953) (undertaking under D.C. Code § 16–1504, repealed 1970—the predeces-

sor to Rule 5(c)—is reviewed for abuse of discretion); Rule 5(c) states that the trial court must approve the "form and amount" of the undertaking.

5. Once a defendant has presented a persuasive argument for waiver, or for an undertaking limited, for example, to the fair monthly rental value of the property, the trial court, in the exercise of sound discretion, may shift to the plaintiff the burden of producing evidence that a greater amount is required, for the plaintiff usually will be in a better position than the defendant to evaluate possible damages, including an assessment of the consequences of a cloud on the title.

forth in mortgage deed or trust). Thus, there is no implication of res judicata for the fraud action. *Cf. Henderson v. Snider Brothers, Inc.,* 439 A.2d 481, 485 (D.C.App. 1981) (en banc) (this court, interpreting Maryland law, held "that a judgment ratifying the sale of property in foreclosure proceedings is res judicata to a subsequent cause of action" alleging fraud in transaction).

■ Second, appellant did not show that the $512 monthly payment into the registry—reflecting his monthly payment on the note—was enough not only to cover the fair rental value but also to protect appellee from interim damage to the property, including the cloud on the title. An undertaking is not merely a protective order in the amount of a monthly payment fashioned to assure reimbursement to the landlord for the value of fair use and occupancy during the pendency of a possessory action against a tenant. *See McNeal v. Habib,* 346 A.2d 508, 512 (D.C.App.1975); *Bell v. Tsintolas Realty Co.,* 139 U.S.App.D.C. 101, 110, 430 F.2d 474, 483 (1970). An undertaking covers more. It is used when the defendant interposes a plea of title and serves to assure compensation of the plaintiff not only for lost rent but also for the cloud on the title and related damages and costs. *Thompson, supra,* 137 U.S.App.D.C. at 226, 421 F.2d at 1161; *Scheve, supra,* 131 U.S. App.D.C. at 163, 403 F.2d at 569.

Third, during the hearing on appellant's application to waive the undertaking, appellant presented no evidence of his inability to put up the bond other than mere allegations that he did not have money and was unable to work because of illness. He did not present affidavits, financial statements, or any other evidence to support these allegations.[6]

Finally, it appears that, regardless of the outcome of the possessory action, appellant will be obligated to appellee in at least the amount of the undertaking.[7]

■ Appellant objects to the fact that Judge Salzman, in setting the undertaking, apparently considered not only the factors specified in *Thompson, supra,* but also the merits of the plea of title in that he referred to Judge Shuker's earlier denial of the preliminary injunction in appellant's fraud action. While it is true that a party's failure to meet the strict preliminary injunction standard (showing a substantial likelihood of success on the merits) does not necessarily imply that his action ultimately will fail, we conclude, nonetheless, that the merits of the defendant's plea of title may be relevant in determining whether a particular undertaking is a fair obligation to impose on a defendant. The weaker a defendant's claim to title, the less equitable it will be to permit a cloud on the title without substantial protection to the plaintiff. Accordingly, in setting the amount of the undertaking, Judge Salzman did not abuse his discretion in relying, on part, on Judge Shuker's conclusion that there was "little likelihood that [appellant] will prevail on the merits."

*Affirmed.*

---

6. During the hearing, in attempting to avoid an undertaking set of $40,000 to $60,000, appellant's counsel indicated that $25,000—while not necessarily within his client's capabilities—was the "maximum" he could offer. Later, in his Motion for Reconsideration of the undertaking, appellant attached his own affidavit and a physician's medical report attesting to his poor health and inability to raise the $25,000 bond. In its order denying the motion, the trial court stated it was "satisfied that the bond is entirely justified in the circumstances presented here." Appellant's attachments to his motion do not persuade us that the trial court abused its discretion.

7. If appellant's fraud action in the Civil Division is unsuccessful, he will be liable on the promissory note. If he is successful in rescinding the loan, he will still have to return the principal amount that appellee advanced to him. *See Brown v. Nat'l Permanent Fed. Sav. & Loan Ass'n,* 221 U.S.App.D.C. 125, 683 F.2d 444 (1982) (per curiam).