## THORNHILL v. ATLANTIC LIFE INS. CO.
### No. 5967.

Court of Appeals of the District of Columbia.
Decided April 16, 1934.

Harryman Dorsey, of Washington, D. C., for plaintiff in error.

Jacob Halper, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The plaintiff in error was tenant in possession of a certain house in Washington when it was sold under a deed of trust from her landlord.

The defendant in error was purchaser at that sale, and forthwith filed against the tenant in the Municipal Court of the District of Columbia a summary proceedings for possession under section 225, title 18, D. C. Code, p. 171.

The tenant's affidavit of defense setting up the necessity of a notice to quit preceding the suit was held insufficient, and from the judgment for possession which followed she sued out this writ of error.

The sole question thus presented is whether in such circumstances a thirty-day notice to quit is required before institution of summary proceedings for possession by a seven-day summons.

In other words, whether the Code section which specifically provides for such summary proceedings, but does not mention a preliminary notice to quit, is intended to dispense with such a notice as a prerequisite to its use, or whether under other sections of the Code such a notice remains necessary.

The section, supra, under which the proceeding was brought provides, among other things, that whenever "any mortgagor or grantor in a mortgage or deed of trust to secure a debt shall unlawfully detain the possession of the real property conveyed, after a sale thereof under such deed of trust or a foreclosure of the mortgage, or any person claiming under such mortgage or grantor * * * shall so detain the same; * * * it shall be lawful for the municipal court" to issue a summons to the party complained of to show cause why judgment should not be given against him for the restitution of possession.

This section is a re-enactment of an earlier statute giving the same jurisdiction to justices of peace, but enlarged by allowing verification of the complaint by agent or attorney of the complainant. 31 Stat. c. 854, § 20, p. 1193, which statute is the original enactment of the Code of the District of Columbia, 1901, section 1036 (D. C. Code 1929, T. 25, § 282) whereof defines estates at will; says that they may be terminated "as herein elsewhere provided"; and then in section 1220 (D. C. Code 1929, T. 25, § 313) provides that a tenancy at will may be terminated by thirty days' notice in writing from either party to the other.

But the section so defining estates at will contains a specific proviso "that in case of a sale of real estate under mortgage or deed of trust or execution, and a conveyance thereof to the purchaser, the grantor in such mortgage or deed of trust, execution defendant, or those in possession claiming under him, shall be held and construed to be tenants at will." D. C. Code, section 282, title 25.

Section 320 of the same title provides that, if a tenant shall hold over after the expiration of his term, or after his tenancy shall be terminated by a notice to quit, the landlord may bring an action of ejectment in the Supreme Court of the District of Columbia, or may bring an action to recover possession before the municipal court, under the Code section used in this case.

All of the aforementioned provisions of the Code have been simultaneously carried into the re-enactment and are integral parts of the present Code. We see no inconsistency therein, and consider that they all stand and should be enforced together. In our opinion it was the intention of Congress to supply landlords with an expeditious statutory substitute for the ancient action of ejectment, available only if and when a tenancy "shall

be terminated as aforesaid"; that is, by a notice to quit.

But Congress did not intend a remedy too expeditious to be fair, and recognized the justice of giving a former owner of real estate, or his tenant, when sold out under a mortgage or deed of trust, a reasonable notice and time to peaceably remove himself and his belongings from the property sold before being made a defendant in a summary proceeding in court. By one section of the Code Congress gave a remedy against a demonstrated abuse, while by other sections it gave reasonable restrictions on the exercise of that remedy.

For the reasons stated the judgment is reversed and the cause remanded for a new trial in accordance with this opinion.

Reversed.