## MORRIS v. BREAKER.

### No. 200.

Municipal Court of Appeals for the District of Columbia.

July 25, 1944.

Rehearing Denied Aug. 4, 1944.

Richard R. Atkinson, of Washington, D. C., for appellant.

Emory B. Smith, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This is a landlord-tenant dispute in which judgment for possession was entered in favor of plaintiff. The appeal was not taken from the judgment itself but from orders overruling two motions filed more than three months after judgment. One motion was to quash the writ of restitution and the other sought an indefinite stay of execution.

At the trial, which was held December 8, 1943, plaintiff testified that he had bought the property involved in good faith and was seeking possession for his own personal use as a dwelling. See District of Columbia Emergency Rent Act, Code 1940, §§ 45—1601, 45—1605. He produced the purchase agreement but did not prove the service of a notice to quit. Instead, he testified that defendant in an affidavit on file in the Office of the Rent Administrator had waived such notice. Defendant also testified that she had waived the notice. She consented to judgment but asked a reasonable time in which to find new living quarters. With the consent of both parties the court ordered a stay of execution for thirty days. At the end of that period defendant did not leave the premises, but moved to vacate the judgment. Her motion being overruled she noted an appeal, but later withdrew it.

Then followed the two motions to which we have referred. The motion to quash the writ of restitution was based on the same grounds which had been urged in the motion to vacate the judgment: that the judgment was "void or voidable" because plaintiff had served no notice to quit and that the court was therefore without jurisdiction to enter the judgment. The motion for indefinite stay was predicated on the theory that the waiver of notice had been conditioned upon tenant's ability to find new quarters and that since she had not succeeded in her quest, the waiver was ineffectual.

These defenses could have been raised at the trial. They came too late when advanced for the first time weeks or months after judgment.[1] It is plain that at the trial defendant was not thinking in terms of defenses; she was only seeking additional time within which to vacate. She was granted one month. That she has had, and much more.

The contention as to lack of jurisdiction is without merit. True, notice to quit is a condition precedent to filing of suit, but not in a jurisdictional sense. Such notice to quit may be waived when the tenancy is created (Code 1940, 45—908) or at any later time. So too, failure to give the notice may be advanced as a defense at the trial, or relinquished. Like most defenses, it is not automatic and can be waived; here it was plainly waived.

From a procedural standpoint the judgment may properly have been entered as a judgment by consent, or by confession. Instead, the trial judge adopted a procedure which was probably wiser, since defendant appeared without an attorney; he put the parties under oath and conducted a hearing on the merits. (See Landlord and Tenant Rule 12(c) which provides that the judge shall "elicit fully all matters of defense and all facts in the case which will enable him to arrive at a just decision on the merits.")

There was no invalidity in the judgment, and no error in the overruling of the motions which followed.

Affirmed.

---

[1] Compare Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31; Shay v. Randall H. Hagner & Co., D.C.Mun.App., 38 A.2d 617.