·GOODY'S, Inc., a corporation, Appellant,

v.

:STERN'S EQUIPMENT COMPANY, Inc.,
a corporation, Appellee.

No. 1559.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 6, 1954.

Decided Jan. 5, 1955.

·Arthur L. ·Willcher, Washington, D. C.,
for appellant.

Herman ·Miller, ·Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Stern's Equipment Co. sued Goody's for possession of restaurant property. The claim was based on the assignment of a lease which together with stock, fixtures and equipment had been transferred by a chattel mortgage to secure a debt of $14,000 owing to Stern. When Goody's defaulted, the trustees named in the mortgage caused the property to be advertised for sale at public auction, and at the sale Stern bought in all the chattels, including the leasehold interest. As holder of the lease Stern then sued for possession and after trial was awarded a favorable judgment. Goody's brings this appeal.

The principal contention is that plaintiff should have given a thirty days' notice to quit as a condition precedent to the filing of the possessory action. Appellant relies on Thornhill v. Atlantic Life Ins. Co., 63 App.D.C. 184, 70 F.2d 846, where it was held, construing what is now Code section 45–822, that after the sale of real estate under a mortgage or deed of trust the grantors in such instruments become tenants at will of the purchaser and as such are entitled to the statutory notice to quit before suit is filed. There is an unmistakable distinction between that case

and this one. Here there was no sale of real estate, but merely the transfer of a chattel—the leasehold interest. That transfer became final when the trustees foreclosed under the chattel trust. Goody's possession was then not marked by any attribute of a tenancy at will; nor did they own any other vestigial tenancy. By their default they lost their right to the lease as well as to the other chattels transferred in the mortgage. And Stern, in acquiring the lease as purchaser under the foreclosure, did not become a landlord or lessor; he became a substituted lessee entitled to those rights as tenant which had theretofore belonged to Goody's. In these circumstances it is clear that no notice to quit was required.

Appellant says that the transfer of the lease was invalid because it was not shown that the lessors had consented thereto. But there can be no question that the covenant against subletting is for the benefit of the lessor, Bailey v. Allen E. Walker & Co., 53 App.D.C. 307, 290 F. 282, and failure to prove the consent could not help the defendant. It was not an essential part of plaintiff's case to establish the lessors' acceptance or approval of the transfer.

Another contention advanced by appellant is that because the action "involved" $14,000 it was beyond the jurisdiction of the Municipal Court. This contention must be rejected. No money amounts at all were claimed by the plaintiff. The complaint demanded nothing more than possession under the assignment or transfer of the lease, and the trial court clearly had the right to hear and adjudge that claim.

The record revealing no error, we must order the judgment

Affirmed.