Mary W. ROYALL, Appellant,

v.

J. Daniel WEITZMAN, Appellee.

Nos. 1853–1855.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 27, 1956.

Decided Oct. 1, 1956.

Arthur L. Willcher, Washington, D. C., for appellant.

Leonard S. Melrod, Washington, D. C., with whom Joseph V. Gartlan, Jr., Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

A tenant appeals from judgments for possession in three landlord-tenant suits involving adjacent properties. The judgments were awarded on plaintiff's claim that defendant was holding over in premises which had been sold by trustees under a deed of trust, that plaintiff was assignee of the purchaser at such sale, and that notice to quit had been served upon defendant. This type of action is authorized by our Code 1951, § 11-735. The answer interposed several defenses, some of which will be discussed in this opinion.

The first contention pressed upon us at considerable length, is that plaintiff did not present sufficient evidence to prove his right to possession. We agree with appellant that it is incumbent on a plaintiff in this type of action to prove that there has been a sale under a deed of trust and a conveyance to purchaser; also that notice to quit has been served on defendant.[1] We think these evidentiary requirements were established by concession or stipulation in open court. Though defendant's answer contained a general

---

1. Thornhill v. Atlantic Life Ins. Co., 63 App.D.C. 184, 70 F.2d 846.

denial, the agreed statement of evidence recites that at the beginning of the trial, defendant's attorney told the court that he did not dispute the fact that there had been a purported foreclosure sale of the property, nor that plaintiff is the purported assignee of the purchaser at such sale. Counsel also said that while defendant denied plaintiff's title, she did not herself claim title in the property, nor did she claim that title rested in a third person. It was stipulated that notices to quit dated March 20, 1956, had in fact been served on defendant on that date.

Although defendant's attorney followed that by saying that because of the general denial plaintiff was required to prove "all essential allegations of his complaint," we think that in view of the facts conceded and stipulated by defendant, it must be said that plaintiff had established a prima facie case for possession. Since defendant offered no evidence, a finding for plaintiff was entirely proper.

■ A ceremonial or judicial admission "is, in truth, a substitute for evidence in that it does away with the need for evidence." 9 Wigmore, Evidence, § 2588 (3rd ed.). Thus it has been said that "facts judicially admitted are facts established. * * *" and possess the "highest possible probative value." Hill v. Federal Trade Commission, 5 Cir., 124 F.2d 104, 106. Unless the concessions in this case were meaningless they surely established that the properties involved had been sold at foreclosure, and that plaintiff, as assignee of the purchaser, was entitled to demand possession. The concessions, taken together with the express stipulation as to service of notices to quit (which notices satisfied the statutory requirements [2]) made it unnecessary for plaintiff to additionally produce any independent or additional proof.

The next question is whether the notices to quit were waived or rendered ineffectual because of prior suits brought by plaintiff. These were the circumstances: On March 20, 1956, plaintiff served three notices to quit (covering the three properties) on defendant. Two days later he brought these suits for possession and in the complaints did not mention or rely upon the notices to quit. On April 5 the suits were dismissed on defendant's motion for failure to give notice to quit. On April 20 this group of suits was filed, predicated on the notices served March 20.

■ Landlord says that the service of a notice to quit, though an essential step, is not a jurisdictional requirement, and failure to give notice is not an automatic defense, citing Morris v. Breaker, D.C. Mun.App., 38 A.2d 632; Craig v. Heil, D.C.Mun.App., 47 A.2d 871. For that reason he says he had a right to file the first suits, and "to find out whether or not defendant would insist upon her right of statutory notice." Perhaps this tactic was open to question on ethical grounds, for plaintiff was in the position of disclosing less than all the facts to the court. But ethical questions aside, the legal issue was properly resolved when the first suits were dismissed for failure to give notices to quit.[3] But such dismissal did not, according to any rules of law within our knowledge, vitiate the notices which were then running, at least under the circumstances we have here.

Nor can we agree that the dismissal of the first suits prevented plaintiff from filing these new suits after the notices had run, or required him to start all over again and serve a new set of notices. Conceding that the dismissal of the first suits operated as an adjudication on the merits, Municipal Court Civil Rule 41(b), it is clear that the dismissal was based on failure to give

---

2. Code 1951, § 11–735; Thornhill v. Atlantic Life Ins. Co., supra.

3. It is true of course that if defendant had defaulted, or if he had defended on other grounds and not raised the question of notice, the point would have been lost. Morris v. Breaker, Craig v. Heil, both supra.

notices to quit. That did not mean that plaintiff was forever barred from again demanding possession. Nor logically, should it be held to mean, when the notices to quit (which were otherwise valid) had expired and thus satisfied the statutory requirement, that plaintiff would not have the right to bring new suits, based on his new and different status.

Another question is whether the trial court was right in refusing to stay proceedings in this action pending the outcome of a suit filed by tenant in the U. S. District Court a few days after this case was commenced, involving this property and these parties. Defendant, while denying plaintiff's title, conceded that she was not claiming title in herself or in any third person. Some ten years ago we had occasion to chart the necessary steps under our statute for putting title in issue in possessory actions. Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755. We said the issue can only be introduced by special plea under oath accompanied by an undertaking, in which event the case is to be certified to the District Court. We ruled that if no such plea is filed the Municipal Court is free to proceed to try the issue of possession.

In a later case, brought like this one to regain possession from a defaulting mortgagor, we again ruled that defendant can challenge plaintiff's title only by the prescribed special plea and undertaking. We also pointed out that the tenant, who had an action pending in the District Court to set aside the sale, had a right to seek injunctive relief in that Court. "In the absence of such an injunction", we said "or the filing of the undertaking required by the statute, the Municipal Court is bound to proceed.". Mindell v. Glenn, D.C.Mun. App., 65 A.2d 340, 342. We must rule that the trial court acted properly in refusing to stay its hand in these proceedings, because defendant made no attempt to comply with the requirements stated.

Affirmed.