**Geneva N. RINALDI, Appellant,**

v.

**Boyce WALLACE et al., Appellees.**

**No. 6315.**

District of Columbia Court of Appeals.

Argued May 1, 1972.

Decided June 23, 1972.

Rehearing En Banc Denied Sept. 7, 1972.

Michael Ritz, Jr., Washington, D. C., for appellant.

Daniel T. Donohoe, Washington, D. C., for appellees Wallace.

Donald Cefaratti, Jr., Washington, D. C., for appellee Rinaldi.

Benj. W. Dulany, Washington, D. C., for appellee Perpetual Building Association.

Before HOOD, Chief Judge, and KERN and REILLY, Associate Judges.

PER CURIAM:

Appellant owned, together with her former husband, appellee Rinaldi, a house in which she lived and which the appellees, Mr. and Mrs. Wallace, purchased at a foreclosure sale. She challenges on two grounds the trial court's entry of summary judgment in favor of appellees.[1] First, she contends that genuine issues of material fact exist upon the record:

Whether Mr. and Mrs. Wallace conspired with Mr. Rinaldi to buy the house at the foreclosure sale and then reconvey it to him in his name alone; and,

whether the mortgagee of that house, not a party to this appeal, intentionally prevented her from learning of her former husband's continuing failure to make monthly payments on the mortgage, under which they were co-obligors, until the accrued amount due and owing exceeded her own financial resources and necessitated ultimately the foreclosure sale.

■ We conclude after a review of the pleadings[2] that appellant failed to present a sufficient factual predicate in support of her general allegation of "a conspiracy" on the part of the individual appellees and failed to join the mortgagee as a party to the counterclaim and cross-claim which she filed in the trial court. Therefore, the trial court correctly granted the motions by appellees[3] for summary judgment.

Second, appellant argues that notice to her during the foreclosure proceedings was faulty in that:

She never received notice of the foreclosure sale at her "last known address," as required by statute,[4] because that notice was sent to her at the house rather than the hospital where she was temporarily confined as a patient; and,

the purchasers at foreclosure (the Wallaces), with whom appellant by operation of D.C.Code 1967, § 45–822 had a tenancy-at-will relationship upon conveyance of the deed to them at settlement, failed to give her notice to quit *after* that tenancy was created *and 30 days before* they instituted their summary action for possession. *See* D.C.Code 1967, §§ 45–903 and 45–910.

■ As to the place of delivery of notice of the foreclosure sale, we are satisfied that the house, to which notice was sent by certified mail, constitutes appellant's "last known address" for purposes of the statute. *See generally* Shanklin v. Bender, D.C.App., 283 A.2d 651 (1971).[5]

■ As to the timeliness of the service upon appellant of notice to quit the house, we observe that the Wallaces notified appellant to quit immediately after they purchased the house at foreclosure in May, they did not sue for possession until after settlement took place in July, and the trial court treated their suit as a civil action

1. The appellees, Mr. and Mrs. Wallace, initiated the litigation by filing suit in the Landlord and Tenant Branch of the trial court for possession of the house.

2. Appellees, the Wallaces, stated in the affidavit attached to their motion for summary judgment that they bought the house for their own use and were not associated in any way with appellee Rinaldi. He stated by affidavit that the Wallaces were not straw parties for him or otherwise engaged in business with him. Appellant testified in her deposition that her husband had boasted to her of his intention to get her out of the house and get it back in his own name, but she was otherwise unable to provide any details of how he intended to do so.

3. The corporate appellee is the mortgagee of the Wallaces.

4. D.C.Code 1967, § 45–615 (Supp. V, 1972) provides in pertinent part:
No foreclosure sale . . . may take place unless the holder of the note . . . gives written notice, by certified mail return receipt requested, of said sale to the owner of the real property encumbered by said deed of trust . . . *at his last known address* . . . . (Emphasis added.)

5. It is not disputed that appellant knew of the foreclosure sale before it occurred.

rather than a *summary* action for possession and did not render decision until January. During all this time appellant occupied the house with knowledge that her right to possession was in issue. Under these particular facts and circumstances we are satisfied that the Congressional purpose of enacting Section 45–822 to give "a former owner of real estate . . . when sold out under a mortgage or deed of trust, *a reasonable notice and time to peaceably remove himself and his belongings* from the property sold before being made a defendant in a *summary proceeding* in court" was complied with in this case. *See* Thornhill v. Atlantic Life Insurance Co., 63 App.D.C. 184, 185, 70 F.2d 846, 847 (1934) (emphasis added).

Affirmed.