## Odis SIMPSON, Appellant,

### v.

## JACK SPICER REAL ESTATE, INC., Appellee.

### No. 12653.

District of Columbia Court of Appeals.

Argued Nov. 14, 1978.

Decided Dec. 19, 1978.

Dalton Howard, Washington, D.C., for appellant.

---

Joseph H. Schneider, for appellee.

Before NEWMAN, Chief Judge, YEAGLEY, Associate Judge, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant seeks reversal of an order of summary judgment granting Jack Spicer Real Estate, Inc. (Jack Spicer), plaintiff and appellee, possession of the premises at 502 Chesapeake Street, S.E. Appellant makes numerous assignments of error which we enumerate below. We find that none of these alleged errors warrants our disturbing the judgment, and we affirm.

In 1963 appellant bought a house for $15,000 on a loan secured by a mortgage and guaranteed by the Veterans Administration. His monthly payments were just in excess of $100. In 1976 he stopped making payments altogether, and on February 23, 1977, his home was foreclosed upon and sold to Greenbaum for $9,000. The house had an appraised value of approximately $28,500 at that time, and appellant still owed about $7,000 on his note. Approximately one month after the foreclosure sale Jack Spicer acquired the property for $16,000. Jack Spicer gave appellant thirty days' notice to vacate the property, and at the end of that time sued in Landlord and Tenant court to evict him.

Appellant entered a plea of title under Super.Ct. L & T R. 5(c). Under that rule Judge Luke C. Moore ultimately ordered appellant to post an undertaking by paying into the registry of the court $300 plus $165 per month. Appellant paid the $300 but missed the first monthly payment. On the day after it was due appellant moved for an extension of time pending resolution of a petition for the appointment of a conservator for appellant that had been filed the same day. Judge Joyce Hens Green held appellant competent to manage his own affairs, and Judge Margaret A. Haywood refused appellant's motion to reconsider. These rulings are not appealed.

Meanwhile, pursuant to Super.Ct. L & T R. 5(c), the landlord and tenant action had been transferred to the Civil Division of the Superior Court. The argument of several pending motions was set before Chief Judge Greene, the Calendar Control Judge, and occurred after Judge Joyce Green refused to establish the conservatorship. These motions included appellant's motion for enlargement of time to pay the undertaking and to stay the proceeding pending the outcome of the conservatorship proceeding; defendant's motion to compel discovery; and plaintiff's motion to strike the plea of title and to enter judgment of possession. At the hearing on October 5 and 6, 1977, appellant attempted to make an oral motion for judgment, but Chief Judge Greene denied it summarily. At the conclusion of the hearing, Chief Judge Greene granted Jack Spicer's motion for judgment of possession.

Appellant argues that (1) the foreclosure sale should be set aside because of the unconscionably low price and other irregularities; (2) Judge Moore abused his discretion in setting the undertaking; (3) setting the undertaking denied appellant due process of law; (4) appellee's motion to strike the plea of title and to enter judgment of possession should have been denied; (5) Chief Judge Greene erred in refusing to hear appellant's motion for judgment; (6) the Superior Court lacked jurisdiction because Jack Spicer had not complied with the D.C. Rental Accommodations Act, D.C.Code 1978 Supp., §§ 45–1631–1674; (7) Chief Judge Greene "erred when [he] sua sponte treated appellee's motion to strike [the] plea [of title] as a motion for summary judgment" (a) because appellee's motion to strike did not challenge the merits of appellant's plea of title, (b) because appellant was denied due process when he was not given adequate time to prepare and respond to "the court's motion for summary judgment," and (c) because the D.C. nonjudicial foreclosure statute, D.C.Code 1978 Supp., §§ 45–301, –603, and –615, is unconstitutional as applied to mortgages and loans secured under the Veterans' Home Loan Guaranty Program, 38 U.S.C. §§ 1801–1827 (1976); (8) denial of appellant's jury demand was improper, and (9) Chief Judge Greene erred in refusing appellant's motion to compel discovery.

Chief Judge Greene's order of October 6 granted judgment because appellant failed to comply with Judge Moore's order that $165 be paid into the court monthly as an undertaking under Super.Ct. L & T R. 5(c) to maintain a plea of title, because appellant "filed no pleadings, affidavits, legal arguments, points and authorities, briefs, or other memorandum with this Court in support of any defense to plaintiff's action for possession," and because appellant presented no meritorious arguments at the hearing. The order also stated that the constitutionality of the nonjudicial foreclosure statute had been upheld in prior actions.

We will only comment upon two of appellant's allegations: those dealing with the constitutionality of the nonjudicial foreclosure statute and with the applicability of the D.C. Rental Accommodations Act.

■ Appellant argues that he was denied due process when his home was foreclosed upon and sold under D.C.Code 1978 Supp., §§ 45–301, –603, and –615. He asserts that there was governmental involvement in the foreclosure by virtue of the fact that his loan was secured under a program administered by the Veterans Administration. The constitutionality of the D.C. statutes was upheld in *Bryant v. Jefferson Federal Savings and Loan Association,* 166 U.S.App. D.C. 178, 509 F.2d 511 (1974), under a challenge quite similar to that presented in this case. The court in *Bryant* was unable to find the excessive government entanglement with the foreclosure and sale at issue in that case to make the procedural protections of the due process clause applicable. *Id.* 166 U.S.App.D.C. at 180–82, 509 F.2d at 513–15. The court also found no constitutional defect in the statute assuming *arguendo* that there had been sufficient government involvement. *Id.* 166 U.S.App. D.C. at 182, 509 F.2d at 515. Here appellant points to the Veterans Administration's involvement as the element of government action bringing this foreclosure and sale under the Fifth Amendment. We reject the contention because the primary transaction was and remains one between private parties in which the Veterans Administra-

tion's participation and importance is, at best, minimal. The facts of this case present no foundation upon which to build a constitutional claim. *See also Young v. Ridley,* 309 F.Supp. 1308, 1311–13 (D.C.D.C. 1970).

■ Appellant also argues that because D.C.Code 1978 Supp., § 45–822, defines him as a "tenant at will" he is entitled to the protections afforded renters from evictions by their landlords under the D.C. Rental Accommodations Act of 1975, D.C.Code 1978 Supp., §§ 45–1631–1674, including a notice which states a permissible reason for eviction, D.C.Code 1978 Supp., § 45–1653(a) & (b), a copy of that notice served upon the Rent Administrator, D.C.Code 1978 Supp., § 45–1653(a), a notice period of ninety days, D.C.Code 1978 Supp., § 45–1653(c), and a bona fide offer to sell the premises, D.C. Code 1978 Supp., § 45–1661. The primary fallacy in appellant's position is his contention that the statutes are *in pari materia* and that the term "tenant" is defined consistently throughout the D.C.Code. The distinction here is between a tenant at common law—one who holds or possesses lands by any kind of right or title—and a tenant under the renters' statute—one who stands in a contractual relationship with his landlord. *See Surratt v. Real Estate Exchange, Inc.,* D.C.Mun.App., 76 A.2d 587, 588 (1950). At oral argument appellant sought to distinguish the holdover after foreclosure, termed a "tenant at will" in the statute, from a tenant who, after a trespassing entry, remained upon the premises in continued peaceful possession, to suggest that the former, but not the latter, should enjoy the benefits of the rent control statute. The basis of appellant's argument was that the tenant who entered by trespass had no interest in the property unlike the tenant who enters under right but holds over after that interest is terminated. The primary difference appears to us to be the manner in which entry occurred. Both types of tenants have possession, a present interest in land that is good against the whole world save those with superior interests. *See Bradshaw v. Ashley,* 14 App.D.C. 485 (1899),

*aff'd*, 180 U.S. 59, 21 S.Ct. 297, 45 L.Ed. 423 (1901) (plaintiff, who cannot prove his own chain of title, can obtain ejectment of defendant who ousted him when defendant can show good title in another but not in himself and when plaintiff can show prior, continued peaceful possession). Consequently, we cannot shield the holdover tenant from an action under the forcible entry and detainer statute, D.C.Code 1973, §§ 16–1501–1505, unless we also protect the trespassing tenant. We conclude that the tenancy arising from mere possession is not that which is referred to in the rent control statute and reject appellant's contentions to the contrary.

*Affirmed.*