Carolyn NICHOLAS, et al., Appellants,

v.

Frederick HOWARD, et al., Appellees.

No. 82–718.

District of Columbia Court of Appeals.

Submitted Jan. 5, 1983.

Decided Feb. 23, 1983 *.

Mabel D. Haden, Washington, D.C., for appellants.

James A. Price, Washington, D.C., for appellees.

Before KERN, BELSON and TERRY, Associate Judges.

PER CURIAM:

This appeal is from an order of the trial court, in the Landlord and Tenant Branch, denying appellants' motion for a money judgment following a successful suit for possession. Finding no error, we affirm the trial court's order.

In late September 1981, appellants purchased a Capitol Hill townhouse. In October 1981, they learned that appellees, tenants of the former owner, still occupied the premises. After efforts to negotiate a lease with appellees proved unsuccessful, appellants brought suit for possession; however, that suit was dismissed for failure to serve a notice to quit. Subsequently, on March 24, 1982, this second action was brought seeking possession based upon both the ex-

* The decision in this case was originally released as a Memorandum Opinion and Judgment on February 23, 1983. It is now being published by direction of the court.

piration of a notice to quit and the appellees' alleged default in payment of rent. (Record at 1.) On May 4, 1982, appellants were awarded possession, apparently based only on the expiration of the notice to quit; the court declined to consider appellants' request for a money judgment for rent arrearages. Immediately thereafter, appellants filed a motion for money judgment, which was denied on May 24, 1982. (Record at 55.)

The record before us does not reflect the reasons given by the trial court either on May 4 or on May 24 for the denial of a money judgment. However, in their briefs the parties explain that the trial court told them (1) the notice to quit was the only issue before the court, and (2) the Landlord and Tenant Branch was not the proper forum for the relief sought, i.e., a money judgment. During the pendency of these proceedings, appellees were still defending a suit for possession brought by the former owner of the property in question and were making monthly payments into the court registry under a protective order in that suit.

Appellants rely upon *Young & Simon, Inc. v. Brown*, 387 A.2d 724 (D.C.1978), and *Dameron v. Capitol House Assoc., Ltd.*, 431 A.2d 580 (D.C.1981), in contending that they are entitled to an award, by the Landlord and Tenant court, of the fair use and occupation value of their premises since October 1981. However, those two cases are not applicable here—they involved compensation under a supersedeas bond (pursuant to Super.Ct.Civ.R. 62–I), and under a protective order. The record in this case does not show that a protective order was ever sought by appellants or that a supersedeas bond is involved in any way.

Appellees, on the other hand, argue essentially that, at the time the money judgment was finally denied, possession had already been obtained and the issue of rent arrearages was therefore moot. However, D.C.Code § 45–1411 (1981) provides that a landlord may join with his claim for recovery of possession a claim for arrears of rent

and "[i]f judgment for possession be rendered in favor of the plaintiff, he shall be entitled, at the same time, to a judgment for said arrears of rent...." *Accord* Super.Ct. L & T R. 3, 5(b). Regardless of the posture of the suit for possession at the time the final order was entered denying a money judgment, we must address the question whether the claim for arrears of rent was properly denied when the judgment for possession was entered in favor of appellants.

■ We conclude that the denial of a judgment for past-due rent *was* proper, because there was no contractual landlord-tenant relationship between appellants and appellees which obligated appellees to pay rent or entitled appellants to claim that rent was owed to them.

■ The statute authorizing an award of rent arrearages (§ 45–1411) refers specifically to the "leased" premises; and the standard form complaint for possession (Landlord and Tenant Form 1), which appellants used to commence this action, only permits a claim for possession based on rent due "[i]f the tenancy is by written agreement or lease...." Appellants here concede that they "attempted to negotiate a lease agreement with appellees, to no avail" and that appellees "refused to enter into a lease agreement with the new owners ...." Appellants' Brief at 3, 7. A landlord-tenant relationship does not arise by mere occupancy of the premises; absent an express or implied contractual agreement, with both privity of estate and privity of contract, the occupier is in adverse possession as a "squatter." 3 G. Thompson, Thompson on Real Property § 1029, at 87–90 (Replacement ed. 1980).

Even if appellants and appellees had established a landlord-tenant relationship, absent an agreement to pay rent, "the tenant is not under any obligation to pay rent .... [However,] the tenant [may be] liable for the reasonable worth of his use and occupation and the landlord is entitled to recover in an appropriate action the amount owed

by the tenant. *This amount is not rent,* and hence the landlord's rights thereto are not the rights he has with respect to rent." Restatement (Second) of Property, Landlord and Tenant § 12.1, comment b (1977) (emphasis added). In this case, appellants admitted there was no landlord-tenant relationship (Record at 8) and do not maintain that any agreement for the payment of rent was ever reached.

■ D.C.Code § 45–222 (1981), defines appellees' status (while they remained in appellants' townhouse) as a tenancy at will: "... in the case of a sale of real estate ... and a conveyance thereof to the purchaser, the grantor ... or those in possession claiming under him, shall be held and construed to be tenants at will ...." However, this reference to a *tenancy* does not operate to impose contractual obligations, *i.e.,* for the payment of rent, upon the parties. Its purpose was to make the expeditious ejectment procedures of the Landlord and Tenant court available to the new owner (§ 45–1410) and to assure reasonable notice to the occupier (§ 45–1403). *Thornhill v. Atlantic Life Ins. Co.,* 70 F.2d 846 (D.C. Cir.1934); *see Rinaldi v. Wallace,* 293 A.2d 847, 849 (D.C.1972) (per curiam).

The traditional civil action in ejectment, brought in the regular Civil Division of Superior Court pursuant to D.C.Code §§ 16–1101 *et seq.* (1981), was appellants' alternative to summary proceedings in the Landlord and Tenant Branch. Had appellants elected to bring suit under that section, they clearly would have been authorized, by express statutory provision, to add a damages claim for the use and occupation value of the property. D.C.Code § 16–1109 (1981).[1]

■ Thus, although appellees may be liable for damages, in a separate action, for the use and enjoyment of appellants' townhouse, those damages are not "rent," and the summary proceeding in the Landlord and Tenant Branch is not the proper vehicle for their recovery of such damages.[2]

In addition, we point out that the record on appeal in this case is incomplete. Apart from the assertions in the parties' briefs as to why the motion for money judgment was denied, we can only surmise the reasons for the denial of a money judgment by the first trial judge on May 4, and by a second trial judge on May 24. According to appellees' counter-designation of record (Record at 63), transcripts of proceedings held on April 24, April 26, May 4, and May 13 apparently are available, but were never made a part of the record on appeal. This court should have been provided with at least the portion of those transcripts which included the trial court's reasoning in denying a money judgment. Moreover, the record is not clear as to whether this case was ever consolidated with the former owner's suit, in which appellees were paying monthly into the court registry. The party who lost at trial bears the burden of convincing this court on appeal that the trial court erred, and "it is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred." *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982).

*Affirmed.*

■

---

1. In addition, § 16–1111 permits a *separate* action for damages, which may still be available to appellants.

2. The fact that appellees were paying into the court registry in a related suit is not significant to this appeal. The record does not reflect that the two cases were ever consolidated. Moreover, at the conclusion of the related proceeding, in the hearing required by *McNeal v. Ha-* *bib,* 346 A.2d 508 (D.C.1975), appellees will have an opportunity to recover payments made since the change of ownership. Thus, there seems to be no possibility that appellees might assert those payments made under the protective order as a defense to any action appellants might bring for damages for the use of their property during the same period.