PAIR, Associate Judge, Retired:
 

 In this appeal the court is asked to decide whether a tenant holding over after foreclosure is entitled to the eviction protections of the Rental Housing Act of 1980, D.C.Code § 45-1561
 
 et seq.
 
 (1981).
 
 [1]
 
 We hold on the authority of
 
 Administrator of Veterans Affairs v. Valentine,
 
 490 A.2d 1165 (D.C.1985), that the eviction protections survived foreclosure.
 
 [2]
 

 I
 

 Appellants, Luther and Delorise Merri-weather, have been tenants at premises 5569 Central Avenue, S.E., Washington, for 11 years under an oral lease agreement with John R. Garrison, the previous owner, whereby they agreed to pay, and did pay, $145 rent per month.
 
 [3]
 
 Appellants continued in possession of the property after it
 
 *1261
 
 was sold at a foreclosure sale in April 1983.
 
 [4]
 
 In May and June, appellee, the current owner, ran advertisements in the Washington Post offering the property for rent at $345 per month with an option to buy. On August 31, 1983, appellants were served a 30-day notice to quit.
 
 [5]
 

 Upon expiration of the 30-day period, ap-pellee filed suit for possession in the Landlord and Tenant Branch of the Superior Court. The complaint, dated October 5, 1983, was, on motion of the tenant, dismissed for failure to state a claim upon which relief could be granted.
 
 [6]
 
 Appellee filed a second complaint on December 6, 1983, this time identifying appellants as “hold-over[s] following foreclosure” and demanding possession on the basis of the “30-day notice to quit following foreclosure of premises.”
 

 Appellee survived a motion to dismiss the amended complaint and after trial was awarded a judgment for possession. Both Motions Judge Harriett Taylor and Trial Judge Stephen Eilperin reasoned that as holdovers after foreclosure, appellants were tenants at will, D.C.Code § 45-222 (1981),
 
 [7]
 
 and entitled to only a 30-day notice to quit, D.C.Code § 45-1403 (1981),
 
 [8]
 
 rather than the eviction protections of the Rental Housing Act.
 

 II
 

 Appellants contend that since they have occupied the premises for 11 years under an oral lease, they are tenants by sufferance, D.C.Code § 45-220 (1981),
 
 [9]
 
 and as such were, on the authority of
 
 Jack Spicer Real Estate, Inc. v. Gassaway,
 
 353 A.2d 288 (D.C.1976), entitled to the eviction protections of the Rental Housing Act of 1980.
 
 *1262
 
 In
 
 Gassaway, the
 
 tenant held over after her lease had expired and the landlord filed suit for possession on the theory that the tenancy had been converted to one at sufferance. Possession was denied. On appeal, the landlord argued that the notice to quit he gave the tenant complied with D.C. Code § 45-904 (1973),
 
 [10]
 
 governing the termination of tenancies by sufferance, and hence was valid. This court held that the Code provision was in conflict with the more recently enacted rent control regulations
 
 [11]
 
 and, therefore, must yield to the eviction procedures therein prescribed. The court then held that the notice to quit, which failed to state a permissible reason for eviction under D.C.Code § 45-1561 of those regulations, was invalid.
 

 Appellee does not quarrel with the
 
 Gass-away
 
 decision. Rather, it contends that, even assuming
 
 arguendo
 
 that appellants were tenants by sufferance with respect to the original landlord, Garrison, by the plain language of the § 45-222 proviso that status changed upon foreclosure to tenants at will: “Provided, however, that in case of a sale of real estate under mortgage or deed of trust ... the [mortgagor] ... or those in possession claiming under him, shall be construed as tenants at will....”
 

 In support of its position that appellants are therefore not entitled to the protections of the Rental Housing Act, appellee cites
 
 Simpson v. Jack Spicer Real Estate, Inc.,
 
 396 A.2d 212 (D.C.1978) (per curiam), and
 
 Nicholas v. Howard,
 
 459 A.2d 1039 (D.C. 1983) (per curiam). In
 
 Simpson,
 
 an owner-mortgagor held over after foreclosure and was found to be a tenant at will and denied the protections of the D.C. rent control regulations, then codified as the Rental Accommodations Act of 1975.
 
 [12]
 
 This was so because the owner was only “a tenant at common law — one who holds or possesses lands by any kind of right or title [mere possession] and [not] a tenant under the renter’s statute — one who stands in a contractual relationship with his landlord.”
 
 Simpson, supra,
 
 396 A.2d at 214. In
 
 Nicholas,
 
 a tenant held over after sale of the premises and the landlord was awarded possession,
 
 [13]
 
 but was denied a money judgment for past-due rent. The case came to this court on appeal from the denial of recovery for past-due rent. The tenant was said to be a tenant at will and reference was made to the notice provision of § 45-1403 (termination of tenancy at will).
 
 [14]
 

 Appellants argue that since the appeal in
 
 Nicholas
 
 was from the denial of a money judgment for back rent and not from the denial of possession, neither the rent control statute’s applicability nor the tenant’s status as such were before the court. We agree. The holding in
 
 Nicholas
 
 was simply that without a contract obligating the tenant to pay rent, the statute authorizing recovery for rent arrearages (§ 45-1411) does not come into play. The court affirmed the denial of a money judgment for past-due rent because the parties had failed
 
 *1263
 
 to reach an agreement regarding rent. It was then that the court in
 
 Nicholas
 
 added:
 

 D.C.Code § 45-222 (1981), defines appel-lees’ status (while they remained in appellants’ townhouse) as a tenancy at will.... However, this reference to a
 
 tenancy
 
 does not operate to impose contractual obligations,
 
 i.e.,
 
 for the payment of rent, upon the parties. Its purpose was to make the expeditious ejectment procedures of the Landlord and Tenant court available to the new owner (§ 45-1410) and to assure reasonable notice to the occupier (§ 45-1403).
 

 Nicholas, supra,
 
 459 A.2d at 1041 (citations omitted).
 

 Appellants contend finally that even if they are tenants at will, the Rental Housing Act is the exclusive method for evicting tenants and supersedes all previously enacted inconsistent provisions including the 30-day notice provision of the tenant-at-will statute. More specifically, they argue that the § 45-1561(a) phrase, “except as provided in this section,” clearly indicates an intention to displace all statutory and common law provisions that may previously have affected the rights of renters.
 
 Simpson
 
 is thus distinguishable on the ground that the holdover, as the former owner, never had a “landlord-tenant relationship to the property” making the denial of the rent control act’s eviction protections proper.
 

 All that remains of consequence, therefore, is the law as established by
 
 Gassaway, supra,
 
 and most recently,
 
 Valentine, supra,
 
 and since appellants are tenants of property, treated before and subsequent to the foreclosure as rental property, they are entitled to all the eviction protections prescribed by § 45-1561(a) of the Rental Housing Regulations.
 

 Reversed.
 

 TERRY, Associate Judge, dissents for the reasons stated in his dissenting opinion in
 
 Administrator of Veterans Affairs v. Valentine, supra,
 
 490 A.2d at 1170-73.
 

 [1]
 

 .Section 45-1561(a) provides that:
 

 Except as provided in this section, no tenant shall be evicted from a rental unit, notwithstanding the expiration of his or her lease or rental agreement, so long as he or she continues to pay the rent to which the landlord is entitled for such rental unit. No tenant shall be evicted from a rental unit for any reason other than for nonpayment of rent unless he or she has been served with a written notice to vacate which meets the requirements of this section. Notices to vacate for all reasons other than for nonpayment of rent shall be served upon both the tenant and the Rent Administrator. All notices to vacate shall contain a statement detailing the reason(s) for the eviction....
 

 This section goes on to enumerate several permissible reasons for eviction other than nonpayment of rent. Foreclosure is not among them.
 

 [2]
 

 .
 
 Ficke v. Washington Federal Savings and Loan Ass'n,
 
 No. T.P. 11,062/NV 14, 621 (May 4, 1984).
 
 Ficke,
 
 brought to our attention by appellants, is a recently decided RHC decision wherein the Commission concluded that the Rental Housing Act's eviction protections survive foreclosure.
 

 [3]
 

 . There is no dispute that appellee has not received any rent from appellants. It is not stated whether a demand for rent was made. But, in any event, appellee did not file its action for possession relying on nonpayment of rent.
 

 [4]
 

 . Garrison defaulted on the deed of trust executed some three and one-half years after appellants' tenancy began. Basil and Patricia Gogos purchased the property at the April 20, 1983, foreclosure sale and later assigned their interest to appellee, D.C. Building Corporation.
 

 [5]
 

 . The notice to quit, dated August 31, 1983, and served upon appellants by the law firm of Friedman and Buckner, reads in pertinent part:
 

 On behalf of the purchaser at foreclosure of the premises located at:
 

 5569 Central Avenue, S.E.
 

 Washington, D.C. 20019 It is the desire of the purchaser to take possession of said premises as provided for in the District of Columbia Code.
 

 You are hereby being given notice to quit and vacate the premises at the expiration of thirty (30) days after the service of this notice upon you.
 

 [6]
 

 . Appellee alleged in its complaint that appellants were "month-to-month" tenants and prayed for possession by reason of the expiration of the 30-day notice to quit. Because of appellee’s reference to appellants' status as "month-to-month,” it was held that the Rental Housing Act of 1980,
 
 supra,
 
 applied. The complaint, therefore, was dismissed since the notice to quit did not state at least one of several enumerated reasons for eviction permitted by the Rental Housing Act of 1980, D.C.Code § 45-1561 (1981).
 

 [7]
 

 . § 45-222. Estates at will; termination; creation.
 

 An estate at will is one held by the joint will of lessor and lessee, and which may be terminated at any time, as herein elsewhere provided, by either party; and such estate shall not exist or be created except by express contract:
 
 Provided, however, that in case of a sale of real estate under mortgage or deed of trust or execution, and a conveyance thereof to the purchaser, the grantor in such mortgage or deed of trust, execution defendant, or those in possession claiming under him, shall be held and construed to be tenants at will,
 
 except in the case of a tenant holding under an unexpired lease for years, in writing, antedating the mortgage or deed of trust. [Emphasis added.]
 

 [8]
 

 . § 45-1403. Notice of termination — Tenancies at will.
 

 A tenancy at will may be terminated by 30 days notice in writing by either landlord or tenant.
 

 [9]
 

 . § 45-220. Estates by sufferance.
 

 All estates which by construction of the courts were estates from year to year at common law, as where a tenant goes into possession and pays rent without an agreement for a term, or where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like, and
 
 all verbal hirings by the month or at any specified rate per month, shall be deemed estates by sufferance.
 
 [Emphasis added.]
 

 [10]
 

 . That section is currently codified at D.C.Code § 45-1404 (1981):
 

 § 45-1404. [Notice of termination] — Tenancies by sufferance; apportionment of rent.
 

 A tenancy by sufferance may be terminated at any time by a notice in writing from the landlord to the tenant to quit the premises leased, or by such notice from the tenant to the landlord of his intention to quit on the 30th day after the day of the service of the notice.
 

 [11]
 

 . At that time they were codified in the D.C. Rent Control Act of 1973, D.C.Code § 45-1621
 
 et seq.
 
 (1974 Supp.). This act was followed by the Rental Accommodations Act of 1975, D.C.Code § 45-1631
 
 et seq.
 
 (1978 Supp.); the Rental Housing Act of 1977, D.C.Code § 45-1681
 
 et seq.
 
 (1979 Supp.); and the Rental Housing Act of 1980, D.C.Code § 45-1561
 
 et seq.
 
 (1981).
 

 [12]
 

 . D.C.Code § 45-1631
 
 etseq.
 
 (1978 Supp.).
 
 See supra
 
 note 11.
 

 [13]
 

 . The court pointed out that the basis for this was unclear but said that possession was awarded "apparently based only on the expiration of the notice to quit.”
 

 [14]
 

 . It is unclear from the opinion whether this was a foreclosure sale.